IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-107 |
| | ) | |
| EARL D. WARNER | ) | |

**FILED**
DEC 19 2012
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a seven-count Superseding Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Production of Material Depicting the Sexual Exploitation of a Minor On or about June 4, 2011, from at or about 6:34 a.m., to at or about 9:21 a.m. | 18 U.S.C. §§ 2251(a) and (e) |
| 2 | Production of Material Depicting the Sexual Exploitation of a Minor On or about June 8, 2011, from at or about 3:09 a.m., to at or about 3:53 a.m. | 18 U.S.C. §§ 2251(a) and (e) |

| 3 | Production of Material Depicting the Sexual Exploitation of a Minor On or about June 12, 2011, from at or about 9:24 a.m., to at or about 9:49 a.m. | 18 U.S.C. §§ 2251(a) and (e) |
| 4 | Production of Material Depicting the Sexual Exploitation of a Minor On or about June 13, 2011, from at or about 5:40 a.m., to at or about 5:53 a.m. | 18 U.S.C. §§ 2251(a) and (e) |
| 5 | Production of Material Depicting the Sexual Exploitation of a Minor On or about July 13, 2011 | 18 U.S.C. §§ 2251(a) and (e) |
| 6 | Production of Material Depicting the Sexual Exploitation of a Minor On or about July 23, 2011 | 18 U.S.C. §§ 2251(a) and (e) |
| 7 | Possession of Material Depicting the Sexual Exploitation of a Minor On or about April 9, 2012 | 18 U.S.C. §§ 2252(a)(4)(B) |

## II. ELEMENTS OF THE OFFENSES

**A. As to Counts 1 through 6:**

In order for the crime of Production of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Sections 2251(a) and (e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit

conduct, or attempted to do so, as those terms are defined in Title 18, United States Code, Section 2256.

> Title 18, United States Code, Section 2251(a).

2. That the defendant intended that the minor engage in sexually explicit conduct.

> Title 18, United States Code, Section 2251(a).

3. That the purpose for using, persuading, inducing or enticing the minor to engage in such conduct, or attempting to do so, was to produce a visual depiction(s) of such conduct.

> Title 18, United States Code, Section 2251(a).

4. That the defendant knew or had reason to know that the depiction(s) was produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means.

> Title 18, United States Code, Section 2251(a).

**B. As to Count 7:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of Title 18, United States Code, Section 2252(a)(4)(B), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That the defendant knowingly possessed one or more items, which contained a visual depiction of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Section 2252(a)(4)(B)

2.  That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

Title 18, United States Code, Section 2252(a)(4)(B)

3.  That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B)

### III.  PENALTIES

**A.  As to Counts 1 through 6: Production of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2251(a) and (e)):**

1.  Imprisonment of not less than fifteen (15) years, nor more than thirty (30) years, but if such person has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10) or under the laws of any state relating to the sexual exploitation of children, such person shall be imprisoned for not less than twenty-five (25) years, nor more than fifty (50) years, but if such person

has two such prior convictions, such person shall be imprisoned not less than thirty-five (35) years, nor more than life (18 U.S.C. § 2251(d)).

       2.    A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

       3.    Supervised release for any term of years not less than 5, and up to life (18 U.S.C. § 3583(k)).

       4.    Any or all of the above.

    **B.    As to Count 7: Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. § 2252(a)(4)(B)):**

       1.    Imprisonment of not more than ten (10) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years nor more than 20 years;

       2.    A fine of $250,000.00, 18 U.S.C. §3571(b)(3);

       3.    A term of supervised release of not less than 5 years up to life, 18 U.S.C. §3583(k);

       4.    Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

CAROLYN J. BLOCH
Assistant U.S. Attorney
PA ID No. 53430