IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 12-107 |
| EARL D. WARNER | |

GOVERNMENT'S NOTICE OF EVIDENCE IT INTENDS TO
INTRODUCE AT TRIAL PURSUANT TO FED. R. EVID. 404(b)

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said district, and hereby submits the following notice of the general nature of the evidence that the United States intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence:

Rule 404(b) of the Federal Rules of Evidence provides that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any ... evidence [of other crimes, wrongs, or acts] it intends to introduce at trial." Fed. R. Evid. 404(b). "Evidence of other crimes, wrongs or acts ... may ... be admissible ... for [certain] purposes, such as motive, opportunity, *intent*, preparation, plan, knowledge, identity, or *absence of mistake or accident*." United States v. Boone, 279

F.3d 163, 187 (3d Cir. 2002) (quoting Fed. R. Evid. 404(b); emphasis in Boone), cert. denied, 122 S. Ct. 1986 (2002). "Under Rule 404(b), evidence of other criminal conduct is 'admissible whenever relevant to a case other than [to show] the defendant's criminal propensity.' The prime inquiry is whether the evidence is probative of a material issue other than character." Boone, 279 F.3d at 187 (citations and footnote omitted).

The Third Circuit has clearly held that "[t]he rule is inclusive, not exclusive, and emphasizes admissibility." United States v. Sampson, 980 F.2d 883, 886 (3d Cir. 1992) (citations omitted). Accord Government of Virgin Islands v. Harris, 938 F.2d 401, 419-20 (3d Cir. 1991) ("The drafters intended that Fed. R. Evid. 404(b) be construed as a rule of 'inclusion' rather than one of 'exclusion' in admissibility of other-acts evidence." (citations omitted)).

"[A]dmissibility under [Rule] 404(b) requires: (1) a proper evidentiary purpose; (2) relevance under [Rule] 402; (3) a weighing of the probative value of the evidence against its prejudicial effect under [Rule] 403; and (4) a limiting instruction concerning the purpose for which the evidence may be used." United States v. Mastrangelo, 172 F.3d 288, 294-95 (3d Cir. 1999) (citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988)).

2

"To meet the first requirement and show a proper evidentiary purpose, the government must 'clearly articulate how that evidence fits into a chain of logical inferences' without adverting to a mere propensity to commit crime now based on the commission of crime then."  Mastrangelo, 172 F.3d at 294 (citation omitted).

> [T]he burden on the government is not onerous. All that is needed is *some* showing of a proper relevance. Whereupon the trial court must judge the government's proffered reason, the potential for confusion and abuse, and the significance of the evidence, and decide whether its probative value outweighs its prejudicial effect.

Sampson, 980 F.2d at 887.

I.      Proffer

At trial, the government intends to introduce the following evidence of Defendant's uncharged criminal conduct:

In addition to the still photographs and videos depicting the sexual exploitation of victims "MC", "FW", and "HE", as charged in Counts One through Seven of the relevant indictment, the government intends to introduce at trial additional images produced of their sexual exploitation by Defendant Earl Warner. Said additional images were produced in Defendant Warner's residence, in and around the Summer of 2011.

II.     Argument

Defendant is charged in the indictment with production and possession of images depicting the sexual exploitation of

minors.  The defendant has pleaded not guilty to these crimes and, as such, it is incumbent upon the government to prove the defendant's commission of said acts.

Although the defendant has not articulated a defense to date, it is anticipated that he, during the course of the trial, may attempt to establish that he had no knowledge of the production of the subject photographs and videos.  It is also anticipated that the defendant may acknowledge possessing the images, but not producing said images.  As such, the extrinsic evidence in question is relevant to prove intent and the absence of mistake or accident.

Defendant's uncharged misconduct is admissible under Fed. R. Evid. 404(b) for two independent reasons.  First, the other acts evidence in question is relevant and admissible with respect to proof of intent.  According to the Third Circuit, "[i]n order to admit evidence under the 'intent' component of Rule 404(b), intent must be an element of the crime charged and the evidence offered must cast light upon the defendant's intent to commit the crime."  <u>United States v. Himmelwright</u>, 42 F.3d 777, 782 (3rd Cir. 1994).  In order to convict a defendant of a violation of Title 18, United States Code, Section 2251(a) and (e), the government must prove that the defendant employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct, or attempted to do so, as well as

4

prove that the defendant intended that the minor engage in the conduct to produce a visual depiction of such conduct.

Having pleaded not guilty to all counts of the indictment, defendant has placed the matter of his intent directly at issue. Under the circumstances, evidence of his uncharged, but connected criminal conduct is admissible with respect to this issue.

Second, the other acts evidence in question is relevant and admissible to establishing the defendant's absence of mistake or accident. The government intends to admit the above-described evidence of the uncharged production of child pornography, virtually identical to that which the defendant has been charged, all of which is probative of absence of mistake or accident.

Finally, the evidence must also meet the requirements of Federal Rule of Evidence 403, which provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Case law establishes that not only is evidence of this nature admissible under 404(b) because it has a proper purpose, but also that the evidence is admissible under 403 standards because the probative value of

5

the evidence outweighs any potential danger of unfair prejudice. See e.g., United States v. Jerkins, 871 F.2d 598, 605 (6th Cir. 1989) (holding that any other misconduct of the same type as the offense that is charged has "great probative value" and does not create any unfair prejudice); United States v. Johnson, 893 F.2d 451, 454 (1st Cir. 1990) (affirming the district court's admission of taxpayer's misconduct during the year following the years for which he was charged, holding, "The jury was clearly entitled to know of the 1987 misconduct in order to evaluate his true intent during the earlier period. The district court did not abuse its discretion in determining that the probative value of this evidence was not outweighed by any danger of unfair prejudice"). The holdings of the authority cited above are directly applicable to the instant case. The government submits that the probative value of the subject evidence substantially outweighs any prejudice that might be imposed, and the jury has the right to hear this evidence.

III.     Government's Proposed Rule 404(b) Jury Instruction

As explained above, Rule 404(b) requires the Court to provide the jury with a "limiting instruction concerning the purpose for which the evidence may be used." United States v. Mastrangelo, 172 F.3d at 294-95. Accordingly, the government hereby proposes that the following "limiting instruction" be utilized by the Court -- both at the time that the evidence is

presented by the government during trial, and also during the Court's final instructions:

<u>Proof of Knowledge or Intent -- "Other Acts" Evidence</u>

Evidence that an act was done or that an offense was committed by the defendant at some other time is not, of course, any evidence or proof that, at another time, the defendant performed a similar act or committed a similar offense, including the offense(s) charged in the indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether the defendant actually performed the physical acts charged in this indictment. Nor may such evidence be considered for any other purpose whatsoever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that the defendant physically did the acts charged in the indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that the defendant did the act or acts alleged in the indictment, the jury may then consider evidence as to an alleged earlier or later act of a like nature in determining the knowledge or intent of a defendant.

The defendant is not on trial for any acts or crimes not alleged in the indictment. Nor may a defendant be convicted of any crime charged in the indictment simply as a result of

your finding that he committed other earlier or later crimes - even crimes similar to the ones charged in this indictment.

The government must prove the crime(s) charged in the indictment beyond a reasonable doubt.  Evidence regarding earlier and later alleged acts involving the defendant may only be considered by you for the limited purposes that I have just explained to you -- that is, for determining the defendant's intent or absence of mistake or accident.

Authority: "Federal Jury Practice and Instructions," Section 17.08; Rule 404(b), Federal Rules of Evidence; United States v. Butch, 256 F.3d at 175-77; United States v. DiSalvo, 34 F.3d 1204, 1214 (3d Cir. 1994); Government of Virgin Islands v. Harris, 938 F.2d at 419; United States v. Traitz, 871 F.2d 368, 389 (3d Cir. 1989); United States v. Scarfo, 850 F.2d at 1019-20.  See also United States v. Mathis, 264 F.3d at 326-29.

    Respectfully submitted,

    DAVID J. HICKTON
    United States Attorney


    s/ Carolyn J. Bloch
    CAROLYN J. BLOCH
    Assistant U.S. Attorney
    U.S. Post Office and Courthouse
    700 Grant Street
    Suite 4000
    Pittsburgh, Pennsylvania 15219
    (412) 894-7319 (Phone)
    (412) 644-2644 (Fax)
    Carolyn.Bloch@usdoj.gov
    PA ID No. 53430