IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-107 |
| | ) | |
| EARL D. WARNER | ) | |

## JOINTLY PROPOSED JURY INSTRUCTIONS

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said District, and the defendant, Earl D. Warner, by his counsel, David B. Chontos, Esquire, and hereby submit the following Jointly Proposed Jury Instructions:

### THE SUPERSEDING INDICTMENT

1.  Nature of the Superseding Indictment

The Superseding Indictment in this case contains seven counts.  The defendant is charged with Production and Possession of Material Depicting the Sexual Exploitation of a Minor.  As I explained at the beginning of trial, an indictment, or in this case a superseding indictment, is just the formal way of specifying the exact crimes a defendant is accused of committing.  A superseding indictment is simply a description of the charges against a defendant.  It is an accusation only.  A

1

superseding indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.  I will send a copy of the Superseding Indictment to the jury room with you to aid in your deliberations.

---

Authority:  Adapted from Third Circuit Model Criminal Jury Instructions, No. 3.07.


This proposed instruction is agreed upon by the parties.

2.    "On or About"

        You will note that the Superseding Indictment charges that the offenses were committed "on or about" certain dates. The government does not have to prove with certainty the exact dates of the alleged offenses.  It is sufficient if the government proves beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

---

Authority:  Third Circuit Model Criminal Jury Instructions, No. 3.08.


This proposed instruction is agreed upon by the parties.

3. A.      <u>Elements of the Offenses Charged</u>

          The defendant is charged in the Superseding Indictment with committing several offenses.  Each of these offenses has essential elements.  To find the defendant guilty of an offense, you must all find that the government proved each of the essential elements of that offense beyond a reasonable doubt.  I will explain the elements of each offense in more detail shortly.

---

<u>Authority</u>:  Adapted from the Third Circuit Model Criminal Jury Instruction, No. 3.10.

This proposed instruction is submitted by the United States.

3. B.     <u>Elements of the Offenses Charged</u>

       The defendant is charged in the Superseding Indictment with committing two different crimes on various dates.  Each of these crimes has essential elements.  To find the defendant guilty of a crime, you must find that the government proved each of the elements of the crimes beyond a reasonable doubt.  I will explain the elements of each crime in more detail shortly.


This proposed instruction is submitted by the defendant.

4.   <u>Proof May Be Disjunctive</u>

The counts in the Superseding Indictment charge the defendant with doing certain acts in the conjunctive by using the word "and".  As used in the Superseding Indictment, the word "and" is synonymous with the word "or".  Thus, to prove particular elements of the crime that are charged in the conjunctive, the Government does not need to prove that the defendant did each of these acts.  It is sufficient if the Government proves beyond a reasonable doubt that the defendant did any of these alternate acts as charged.

---

<u>Authority</u>:  *United States v. Ryan-Webster*, 353 F.3d 353, 360 n.12 (4th Cir. 2003); *United States v. Brandon*, 298 F.3d 307, 313 (4th Cir. 2002).

This proposed instruction is agreed upon by the parties.

5. A.    <u>Separate Consideration – Single Defendant Charged with</u>

<u>Multiple Offenses</u>

     The defendant is charged with several offenses; each
offense is charged in a separate count of the Superseding
Indictment.

     The number of offenses charged is not evidence of
guilt, and this should not influence your decision in any way.
You must separately consider the evidence that relates to each
offense, and you must return a separate verdict for each
offense.  For each offense charged, you must decide whether the
government has proved beyond a reasonable doubt that the
defendant is guilty of that particular offense.

     Your decision on one offense, whether guilty or not
guilty, should not influence your decision on any of the other
offenses charged.  Each offense should be considered separately.

---

<u>Authority</u>:  Third Circuit Model Criminal Jury Instructions, No.
3.12.


This proposed instruction is submitted by the United States.

5. B.      <u>Separate Consideration – Single Defendant Charged with</u>
<u>Multiple Offenses</u>

      Mr. Warner is charged with six counts of one crime and
one count of another crime.  The number of counts charged is not
evidence of guilt, and this cannot influence your decision in
any way.  You must separately consider the evidence as it
relates to each of the seven counts.  You will return a verdict
for each count.  For each count charged, you must decide whether
the government has proved beyond a reasonable doubt that the
defendant is guilty of that particular charge.  Your decision on
one count, whether it is guilty or not guilty, cannot influence
your decision on any of the other counts. Again, the evidence
must be reviewed for each count separately.

This proposed instruction is submitted by the defendant.

6.    Counts One through Six:   Production of Material Depicting the Sexual Exploitation of a Minor – 18 U.S.C. § 2251(a) & (e)

Counts One through Six of the Superseding Indictment charge the defendant with Production of Material Depicting the Sexual Exploitation of a Minor, and respectfully state as follows:

Count One

On or about June 4, 2011, from at or about 6:34 a.m., to at or about 9:21 a.m., in the Western District of Pennsylvania, the defendant, EARL D. WARNER, did employ, use, persuade, induce, entice, and coerce a minor, herein identified as child victim MC, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, as those terms are defined in Title 18, United States Code, Section 2256, that is, still, digital photographs, knowing and having reason to know that the visual depictions were produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce by any means.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

Count Two

On or about June 8, 2011, from at or about 3:09 a.m., to at or about 3:53 a.m., in the Western District of Pennsylvania, the defendant, EARL D. WARNER, did employ, use,

9

persuade, induce, entice, and coerce a minor, herein identified as child victim FW, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, as those terms are defined in Title 18, United States Code, Section 2256, that is, still, digital photographs, knowing and having reason to know that the visual depictions were produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce by any means.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

<u>Count Three</u>

On or about June 12, 2011, from at or about 9:24 a.m., to at or about 9:49 a.m., in the Western District of Pennsylvania, the defendant, EARL D. WARNER, did employ, use, persuade, induce, entice, and coerce a minor, herein identified as child victim FW, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, as those terms are defined in Title 18, United States Code, Section 2256, that is, still, digital photographs, knowing and having reason to know that the visual depictions were produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce by any means.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

10

<u>Count Four</u>

On or about June 13, 2011, from at or about 5:40 a.m., to at or about 5:53 a.m., in the Western District of Pennsylvania, the defendant, EARL D. WARNER, did employ, use, persuade, induce, entice, and coerce a minor, herein identified as child victim HE, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, as those terms are defined in Title 18, United States Code, Section 2256, that is, still, digital photographs, knowing and having reason to know that the visual depictions were produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce by any means.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

<u>Count Five</u>

On or about July 13, 2011, in the Western District of Pennsylvania, the defendant, EARL D. WARNER, did employ, use, persuade, induce, entice, and coerce a minor, herein identified as child victim FW, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, as those terms are defined in Title 18, United States Code, Section 2256, that is, a video, knowing and having reason to know that the visual depiction was produced using materials that had been

11

mailed, shipped and transported in or affecting interstate and foreign commerce by any means.

In violation of Title 18, United States Code, Sections 2251(a) and (e).

### Count Six

On or about July 23, 2011, in the Western District of Pennsylvania, the defendant, EARL D. WARNER, did employ, use, persuade, induce, entice, and coerce a minor, herein identified as child victim FW, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, as those terms are defined in Title 18, United States Code, Section 2256, that is, a video, knowing and having reason to know that the visual depiction was produced using materials that had been mailed, shipped and transported in or affecting interstate and foreign commerce by any means.

In violation of Title 18, United States Code, Sections 2251(a) and (e).


This proposed instruction is agreed upon by the parties.

7.   <u>Counts One through Six:  Essential Elements – Production of Material Depicting the Sexual Exploitation of a Minor</u>

Counts One through Six of the Superseding Indictment, charging Production of Material Depicting the Sexual Exploitation of a Minor, have three elements:

First:   At the time of the offense, the victim depicted was under the age of eighteen years;

Second:   The defendant employed, used, persuaded or coerced the victim to take part in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct; and

Third:   The visual depiction was produced using materials that had been mailed, or shipped, or transported in interstate or foreign commerce by any means.

---

<u>Authority</u>:  Adapted from 1A O'Malley, Grenig and Lee, Federal Jury Practice & Instructions, § 13.01 (5th ed 2002); 18 U.S.C. §§ 2251(a) & (e), 2256(8)(A); 9th Cir. Model J.I. § 8.150, at 332-33 (2003 edition); *United States v. Buculei*, 262 F.3d 322 (4th Cir. 2001); *United States v. Musumeci*, 307 Fed. Appx. 471, 472 (2d Cir. 2008); *United States v. Gagliardi*, 506 F.3d 140, 150 (2d Cir. 2007).


This proposed instruction is agreed upon by the parties.

8.   <u>Count Seven:  Possession of Material Depicting the Sexual Exploitation of a Minor</u>

Count Seven of the Superseding Indictment charges the defendant with Possession of Material Depicting the Sexual Exploitation of a Minor, and states:

On or about April 9, 2012, in the Western District of Pennsylvania, the defendant, EARL D. WARNER, did knowingly possess visual depictions, namely photographs and videos in computer graphics files, the production of which involved the use of minors engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and which depicted minors engaging in sexually explicit conduct, all of which had been transported in interstate and foreign commerce and had been produced using materials which had been transported in interstate and foreign commerce, by any means including by computer.

In violation of Title 18, United States Code, Section 2252(a)(4)(B).

This proposed instruction is agreed upon by the parties.

9.   <u>Count Seven: Essential Elements – Possession of Material Depicting the Sexual Exploitation of a Minor</u>

Count Seven of the Superseding Indictment, charging the defendant with Possession of Material Depicting the Sexual Exploitation of a Minor, has three elements:

First:   That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct;

Second:   That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce;

Third:   That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.


This proposed instruction is agreed upon by the parties.

10.  <u>Proof of Only One Image Required</u>

Although you have heard evidence regarding multiple images of material depicting the sexual exploitation of a minor, to find the defendant guilty of producing or possessing material depicting the sexual exploitation of a minor, you must only find beyond a reasonable doubt that the defendant produced and/or possessed at least one single image depicting the sexual exploitation of a minor, on or about the date(s) charged. Further, you must unanimously agree as to which such visual image, or images, he produced and/or possessed.

---

<u>Authority</u>:  Title 18, United States Code, Section 2252(a)(4)(B), Adapted from 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.01 (5th ed 2002); 18 U.S.C. §§ 2252A(a)(5)(B), 2256(8)(A); 9th Cir. Model J.1 § 8.154, at 340-41 (2003 edition); 8th Cir. Model J.1. § 6.18.2252A, at 486-87 (2007 Edition).


This proposed instruction is submitted by the United States and is objected to by the defendant.

DEFINITIONS

11. A.     Definition – Knowingly

      The offenses of Producing and Possessing Material Depicting the Sexual Exploitation of a Minor, charged in the Superseding Indictment, require that the government prove that Earl D. Warner acted "knowingly" with respect to the first element of each of the offenses.

      Often the state of mind or "knowledge" with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.  The government, however, may prove Earl D. Warner's state of mind indirectly from the surrounding circumstances and evidence presented.  Thus, to determine what Earl D. Warner *knew* at a particular time, you may consider evidence about what Earl D. Warner said, what Earl D. Warner did or failed to do, how Earl D. Warner acted, and all the other facts and circumstances shown by the evidence that may prove what was in Earl D. Warner's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Earl D. Warner's state of mind.

      You may also consider the natural and probable results or consequences of any acts Earl D. Warner knowingly did, and whether it is reasonable to conclude that Earl D. Warner intended those results or consequences.  You may find, but you

17

are not required to find, that Earl D. Warner knew and intended the natural and probable consequences or results of acts he knowingly did.  This means that if you find that an ordinary person in Earl D. Warner's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Earl D. Warner did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

The government is not required to prove that Earl D. Warner knew his acts were against the law.

---

Authority:  Third Circuit Model Criminal Jury Instruction § 5.02.


This proposed instruction is submitted by the United States.

18

11. B.   <u>Definition – Knowingly</u>

The offenses of Producing and Possessing Material Depicting the Sexual Exploitation of a Minor, charged in the Superseding Indictment, require that the government prove that Earl D. Warner acted "knowingly" with respect to the first element of each of the offenses.

Often the state of mind or "knowledge" with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.  The government, however, may prove Earl D. Warner's state of mind indirectly from the surrounding circumstances and evidence presented.  Thus, to determine what Earl D. Warner *knew* at a particular time, you may consider evidence about what Earl D. Warner said, what Earl D. Warner did or failed to do, how Earl D. Warner acted, and all the other facts and circumstances shown by the evidence that may prove what was in Earl D. Warner's mind at that time.  It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Earl D. Warner's state of mind.

You may also consider the natural and probable results or consequences of any acts Earl D. Warner knowingly did, and whether it is reasonable to conclude that Earl D. Warner intended those results or consequences.  You may find, but you are not required to find, that Earl D. Warner knew and intended

the natural and probable consequences or results of acts he
knowingly did.   This means that if you find that an ordinary
person in Earl D. Warner's situation would have naturally
realized that certain consequences would result from his
actions, then you may find, but you are not required to find,
that Earl D. Warner did know and did intend that those
consequences would result from his actions. This is entirely up
to you to decide as the finders of the facts in this case.


This proposed instruction is submitted by the defendant.

12. A.    <u>Definition – Sexually Explicit Conduct</u>

"Sexually Explicit Conduct" means actual or simulated-

      (i)    Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

      (ii)   Bestiality;

      (iii)  Masturbation;

      (iv)   Sadistic or masochistic abuse; or

      (v)    Lascivious exhibition of the genitals or pubic area of any person.

---

<u>Authority</u>:  18 U.S.C. § 2256(2)(A); *United States v. Knox*, 32 F.3d 733, 745-46 (3d Cir. 1994).


This proposed instruction is submitted by the United States.

12. B.     <u>Definition – Sexually Explicit Conduct</u>

"Sexually Explicit Conduct" includes actual or simulated masturbation or lascivious exhibition of the genitals or pubic area of any person.


This proposed jury instruction is submitted by the defendant.

13.   Definition of "Lascivious Exhibition of the Genitals or
Pubic Area"

　　　　　For a visual depiction of the genitals or pubic area
of a minor to be considered "sexually explicit conduct", the
exhibition must be "lascivious".  Not every exposure of the
genitals or pubic area will necessarily be a "lascivious
exhibition".  Whether a picture or image of the genitals or
pubic area constitutes a lascivious exhibition requires a
consideration of the overall context of the material.

　　　　　In determining whether an exhibition of the genitals
or pubic area of a minor is lascivious, you may consider the
following factors:

　　　　　a.   Whether the focal point of the visual depiction
is on the minor's genitals or pubic area;

　　　　　b.   Whether the setting of the visual depiction is
sexually suggestive, that is, a place or pose generally
associated with sexual activity;

　　　　　c.   Whether the minor is depicted in an unnatural
pose, or in inappropriate attire considering the age of the
minor.

　　　　　d.   Whether the minor is fully or partially clothed,
or nude;

　　　　　e.   Whether the visual depiction suggests coyness or
a willingness to engage in sexual activity; and

23

f.   Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

As to this last factor, it is not necessary that the image be intended or designed to elicit a sexual response in the average viewer.  I instruct that you may consider whether the visual depictions would appeal to persons who are sexually attracted to persons of similar age to the person depicted.

A picture or image need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.  It is for you to decide what, if any, weight to be given to any of these factors.  Ultimately, you must determine whether the visual depiction is lascivious based on its overall content.

---

Authority:  18 U.S.C. § 2256(2)(A); *United States v. Clark*, 2010 WL 3488138 (D.Del., Aug., 2010) (recitation of factors quoted verbatim above); *United States v. Knox*, 32 F.3d 733, 745-46 (3d Cir. 1994) (recitation of factors quoted verbatim above and discussing importance of intent of photographer in creating an image for his intended audience); *United States v. Villard*, 885 F.2d 117, 122 (3d Cir. 1989) (same); *see also United States v. Burt*, 495 F.3d 733, 740-42 (7th Cir. 2007) (emphasizing importance to lascivious exhibition analysis, of photographer's intent to produce an image that would elicit a sexual response

in his intended audience); *United States v. Kemmerling*, 285 F.3d 644, 646 (8th Cir. 2002); *United States v. Amirault*, 173 F.3d 28 (1st Cir. 1999); *United States v. Wolf*, 890 F.2d 241 (10th Cir. 1989); *United States v. Rubio*, 834 F.2d 442, 448 (5th Cir. 1987); *United States v. Whorley*, 400 F.Supp. 2d 880, 883 (E.D. Va. 2005); *United States v. Dost*, 363 F.Supp. 828, 832 (S.D. Cal. 1986); *aff'd sub nom.   United States v. Weigand*, 812 F.2d 1239 (9th Cir. 1987); 11th Cir. Criminal Pattern J.1.75.1 (2003).


This proposed instruction is agreed upon by the parties.

14.   Additional Definitions

"Visual depiction" includes undeveloped film and video tape, and data that has been stored on computer disk or digital memory card, or data that has been stored by electronic means and that is capable of conversion into a visual image.

A "minor" is any person under the age of 18 years. Expert testimony or the testimony of someone with first-hand knowledge of a person appearing in a visual depiction is not required for you to conclude that the person in a visual depiction is real and under the age of 18.  You may conclude that a person appearing in a visual depiction is real and under the age of 18 based upon your review of the visual depiction in light of the knowledge you have gained and the observations you have made in your lifetime.

"Computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar devices.

<u>Authority</u>:  Adapted from Ninth Circuit Model Criminal Jury Instructions, § 8.154 (2003); 18 U.S.C. § 2256 (Definitions for chapter).


This proposed instruction is agreed upon by the parties.

15.  <u>Direct and Circumstantial Evidence</u>

Two types of evidence may be used in this trial,
"direct evidence" and "circumstantial (or indirect) evidence".
You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if
believed, directly proves a fact.  An example of "direct
evidence" occurs when a witness testifies about something the
witness knows from his or her own senses — something the witness
has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if
believed, indirectly proves a fact.  It is evidence that proves
one or more facts from which you could reasonably find or infer
the existence of some other fact or facts.  A reasonable
inference is simply a deduction or conclusion that reason,
experience, and common sense lead you to make from the evidence.
A reasonable inference is not a suspicion or a guess.  It is a
reasoned, logical decision to find that a disputed fact exists
on the basis of another fact.

For example, if someone walked into the courtroom
wearing a wet raincoat and carrying a wet umbrella, that would
be circumstantial or indirect evidence from which you could
reasonably find or conclude that it was raining outside. You
would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

---

<u>Authority</u>:  Third Circuit Model Criminal Jury Instructions, No. 3.03.


This proposed instruction is agreed upon by the parties.

16.  Definition of "Possession"

　　　　　Count Seven of the Superseding Indictment charges the defendant with Possession of Material Depicting the Sexual Exploitation of a Minor.  The word "possess" means to own or to exert control over.  The word "possession" can take on several different, but related, meanings.

　　　　　The law recognizes two kinds of "possession" - actual possession and constructive possession.  A person who knowingly had direct physical control over a thing at a given time is then in actual possession of it.  A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

　　　　　The law recognizes also that "possession" may be sole or joint.  If one person alone has actual or constructive possession of a thing, then possession is sole.  If two or more persons share actual or constructive possession of a thing, then possession is joint.

　　　　　You may find that the element of "possession", as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Authority:  Adapted from Third Circuit Model Criminal Jury

Instructions, Nos. 6.18.922G-4 & 6.21.841-1 (as modified); 1A

O'Malley, Grenig and Lee, *Federal Jury Practice and*

*Instructions*, § 16.05 (5th ed. 2000); 2B O'Malley, *et al.,*

*Federal Jury Practice and Instructions*, § 64.15; *United States*

*v. Barbosa*, 271 F.3d 438, 458 (3d Cir. 2001); *United States v.*

*Dodd*, 225 F.3d 340, 344 (3d Cir. 2000); *United States v.*

*Osborne*, 935 F.2d 32, 34 n.1 (4th Cir. 1991).


This proposed instruction is agreed upon by the parties.

17.  Proof of Knowledge or Intent

         Often the state of mind [intent, knowledge,
willfulness, or recklessness] with which a person acts at any
given time cannot be proved directly, because one cannot read
another person's mind and tell what he or she is thinking.
However, the defendant's state of mind can be proved indirectly
from the surrounding circumstances.  Thus, to determine the
defendant's state of mind, or what the defendant intended or
knew, at a particular time, you may consider evidence about what
the defendant said, what the defendant did and failed to do, how
the defendant acted, and all the other facts and circumstances
shown by the evidence that may prove what was in the defendant's
mind at the time.  It is entirely up to you to decide what the
evidence presented during this trial proves, or fails to prove,
about the defendant's state of mind.

         You may also consider the natural and probable results
or consequences of any acts the defendant knowingly did, and
whether it is reasonable to conclude that the defendant intended
those results or consequences.  You may find, but you are not
required to find, that the defendant knew and intended the
natural and probably consequences or results of acts that he
knowingly did.  This means that if you find that an ordinary
person in the defendant's situation would have naturally
realized that certain consequences would result from his

                                   32

actions, then you may find, but you are not required to find, that the defendant did know and intend that those consequences would result from his actions.  This is entirely up to you to decide as the finders of facts in this case.

---

Authority:  Third Circuit Model Criminal Jury Instructions, No. 5.01.  1A O'Malley, Grenig and Lee, *Federal Jury Practice & Instructions*, § 17.07 (5th Ed. 2002).

This proposed instruction is agreed upon by the parties.

18. A.   <u>Definition – Interstate/Foreign Commerce</u>

"Commerce" means travel, trade traffic, commerce, transportation, or communications among or between the states, or the United States and a foreign country. The term "in interstate commerce" means that the visual depiction or the materials used to produce, transport, or transmit the visual depiction crossed state lines or national borders.

The law does not require that the government prove that the defendant know the interstate nature of an instrument on which a depiction of child pornography is produced or stored.

_____

<u>Authority</u>:  Pattern Criminal Jury Instructions, 5th Cir. 2.82A (2012); Pattern Criminal Jury Instructions, 6th Cir. 16.01 (2013); *United States v. Sheldon*, 730 F.3d 1128 (9th Cir. 2013).

This proposed instruction is submitted by the United States.

18. B.    Definition – Interstate/Foreign Commerce

          "Commerce" means travel, trade traffic, commerce,
transportation, or communications among or between the states,
or the United States and a foreign country. The term "in
interstate commerce" means that the visual depiction or the
materials used to produce, transport, or transmit the visual
depiction crossed state lines or national borders.

          Every federal crime needs a jurisdiction link or
nexus.  It is an element of both crimes charged here.  In counts
1 through 6, the statute says: if such person knows or has
reason to know that such visual depiction will be transported or
transmitted using any means or facility of interstate or foreign
commerce . . . or mailed, if that visual depiction was produced
or transmitted using materials that have been mailed, shipped,
or transported in or affecting interstate or foreign commerce by
any means, including by computer, or if such visual depiction
has actually been transported or transmitted using any means or
facility of interstate or foreign commerce or in or affecting
interstate or foreign commerce or mailed.

          In the case against Earl Warner, the government is
relying upon the second jurisdictional predicate, that is - if
that visual depiction was produced or transmitted using
materials that have been mailed, shipped, or transported in or
affecting interstate or foreign commerce by any means, including

35

by computer.   In order to find the government has satisfied this element, you must find the government has proven beyond a reasonable doubt that Earl Warner "knew or had reason to know" that the visual depictions were produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign  commerce by any means.


This proposed instruction is submitted by the defendant.

19.  <u>Material Depicting the Sexual Exploitation of a Minor</u>

Material depicting the sexual exploitation of a minor, enjoys no First Amendment protection, regardless of the motives of the possessor or producer. The statutes charged in this Superseding Indictment contain no exceptions for Production or Possession of Material Depicting the Sexual Exploitation of a Minor with artistic, scientific, literary journalistic or other legitimate value.

---

<u>Authority</u>:  *New York v. Ferber*, 458 U.S. 747 (1982); *Osborne v. Ohio*, 495 U.S. 103 (1990).  *See also United States v. Matthews*, 209 F.3d 338 (4th Cir. 2000) (newspaper reporter could not legitimately possess child pornography for the sake of research and quoting above language regarding no exceptions in the child pornography statutes for artistic, scientific, literary, journalistic or other legitimate value); *Stanley v. United States*, 932 F. Supp. 418 (E.D.N.Y. 1996) (defendant who possessed child pornography for research for a published journal not protected by First Amendment); *United States v. Fox*, 248 F.3d 394, 408 (5th Cir. 2001); *People v. Frasier*, 704 N.Y.S.2d 426 (2000).

This proposed instruction is submitted by the United States and is objected to by the defendant.

WITNESSES

20.  Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those witnesses who are described as "expert witnesses".  An "expert witness" is someone who, by training, experience, or by education, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

In weighing this opinion testimony, you may consider the witness' qualifications, their  opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness= testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

---

Authority:  Adapted from Third Circuit Model Criminal Jury Instructions, No. 4.08; L. Sand, *et al.*, *Modern Federal Jury Instructions*, at 7-21; 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions,* § 14.01 (5th ed. 2000).

This proposed instruction is agreed upon by the parties.

21.   <u>Credibility of Witnesses – Law Enforcement Officer</u>

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

---

<u>Authority</u>:  Third Circuit Model Criminal Jury Instructions, No. 4.18.


This proposed instruction is agreed upon by the parties.

UNCHARGED BAD ACTS LIMITING INSTRUCTION

22.  Defendant's Uncharged Bad Acts or Crimes (F.R.E. 404(b))

You have heard testimony and have seen evidence that the defendant produced and/or possessed images depicting the sexual exploitation of minor victims MC, FW, HE, and others that are not the subject of the specific charges in the Superseding Indictment.

This evidence of other acts was admitted for limited purposes.  You may consider this evidence only for the purpose of deciding whether the defendant:  (1) had the state of mind, knowledge or intent necessary to commit the crimes charged in the Superseding Indictment; (2) had a motive or the opportunity to commit the acts charged in the Superseding Indictment; or (3) was preparing or planning to commit the acts charged in the Superseding Indictment.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence, and if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the

41

crimes charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that because the defendant may have committed other acts, he must have committed the acts charged in the Superseding Indictment.

Remember that the defendant is only on trial for the charges in the Superseding Indictment, not these other acts.  Do not return a guilty verdict unless the Government proves the crimes charged in the Superseding Indictment beyond a reasonable doubt.

---

Authority:  Third Circuit Model Criminal Jury Instructions, No. 4.29.

This proposed instruction is submitted by the United States and is objected to by the defendant.

CAUTIONARY JURY INSTRUCTIONS

23. I.    <u>Prior to Viewing Child Pornography Evidence</u>

Ladies and gentlemen of the jury. You are about to be shown certain images that have been admitted into evidence. These images are being shown, or published to you, only to assist you in determining whether the government has met its burden to prove the defendant guilty of all of the elements of the charges against him.  You should not allow any feelings that you may have regarding these images to affect this determination in any manner.  You should view these images in the same unbiased, impartial way as you would any other piece of evidence offered by either side in this case.  Please recall that at the beginning of the case, you took an oath to be fair and impartial to both sides of this case.  Please keep in mind that no matter what you think of these images, your duty is to follow the law as I will instruct you.  I again instruct you that the defendant is presumed innocent of the charges against him and the government bears the burden of proof on each of the elements of the offenses charged.

II.   <u>Following Evidence</u>

Ladies and gentlemen of the jury.  I remind you again, any feelings that you may have about the images that you just saw must not affect your determination of the issues of this case and your duty to be fair and impartial to both sides in

43

this case.  As I have previously instructed you, Earl D. Warner, is presumed innocent of the charges against him and, at all times, the government bears proof as to each of the elements of the charges against him beyond a reasonable doubt.  Please remember that no matter what you think or feel about these images, your duty is to follow the law as I instruct you.

    III. <u>Final Instruction</u>

    You have been shown certain images that have been admitted into evidence.  These images were shown only to assist you in determining whether the government has met its burden to prove the defendant guilty of all of the elements of the charges against him.  You should not allow any feelings that you may have regarding these images to affect this determination in any manner.  You should consider these images in the same unbiased, impartial way as you would any other piece of evidence offered by either side in the case.

This proposed instruction is submitted by the United States and is objected to by the defendant.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney


/s/Carolyn J. Bloch
CAROLYN J. BLOCH
Assistant U.S. Attorney
U.S. Post Office & Courthouse
Suite 4000
Pittsburgh, PA  15219
(412)644-3500 (Phone)
(412)644-2645 (Fax)
carolyn.bloch@usdoj.gov
PA ID No. 53430

s/ David B. Chontos
DAVID B. CHONTOS, ESQUIRE
PA ID No. 53442
CHONTOS & CHONTOS, P.C.
561 Beulah Road
Turtle Creek, PA 15145-1317
412-825-5450
412-825-5451 fax
david@chontoslaw.com
Counsel for Earl D. Warner