IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        )
                                )
                v.              )        Criminal No. 12-107
                                )
EARL D. WARNER                  )

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
IN LIMINE REGARDING 404(b) EVIDENCE**

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said district, and respectfully submits the following in response to the defendant's Motion in Limine:

BACKGROUND

1.   The evidence in this case will reveal that Defendant Earl Warner, a resident of Mercer, Pennsylvania, became friendly with another Mercer resident, Armando Cruz. Warner and Cruz regularly got together to play video games at each other's homes.  Both Warner and Cruz had children that became friendly with child victims "MC", "FW", and "HE". Sometimes the child victims were in the company of Warner and Cruz when they socialized with one another.  Warner learned of Cruz's sexual exploitation of the minor victims and encouraged and manipulated them to spend time with him and his daughter at

their home where he too could "groom" the young girls to engage in sexually explicit activity for his pleasure and the production of photographs and videos. Thereafter, from in and around May 2011 through in and around July 2011, he photographed and filmed the child victims, thereby producing the images which are the subject of this case. During the approximate three-month course of conduct, Defendant Warner produced in excess of 100 still images of the minor victims, many of which depict their sexual exploitation. All said images which the government seeks to admit were taken during that three-month period with a Canon Powershot digital camera seized from the defendant's home. All said images were taken inside Defendant Warner's residence. Many of the images are taken on the same day, or within a few days of the specific conduct charged at each of Counts One through Six.

      2.   The government seeks the admission of said images and videos, to include all still images and video/audio tapes which the defendant produced on the dates and at the times set forth in the Superseding Indictment, as well as a subset of the "uncharged" images described above as intrinsic, relevant evidence, the probative value of which clearly outweighs its potential for unfair prejudice.

ARGUMENT

3.    Pursuant to the Court's Order, the government filed its Notice of Evidence it Intends to Introduce at Trial Pursuant to Fed. R. Evid. 404(b), on December 23, 2013 (Document No. 85).  In so doing, the government has provided the defendant with "reasonable notice", as required by the rule.   The government hereby incorporates said Notice and makes it a part of the within response.

4.    The physical evidence which is the subject of this response has been made available for review and inspection since the government's disclosures under Rule 16 of the Federal Rules of Criminal Procedure in May 2012.   In fact, defense counsel has, on more than one occasion, reviewed the subject images/videos with the assistance of Special Agent Thomas Carter of the Federal Bureau of Investigation ("FBI").

5.    In addition to that which has already been stated in the government's 404(b) Notice, this response is intended to assist the Court in articulating the specific reasons for admission of the subject evidence as "intrinsic" evidence of the offenses charged, and also why, in accordance with Rule 403, the probative value of the evidence is not substantially outweighed by its prejudicial impact.  See United States v. Davis, 726 F.3rd 434, 442 (3d Cir. 2013).  Or, in the alternative, admit said evidence under Rule 404(b).

6.    The defendant, Earl Warner, is charged in the instant case with six counts of producing material, that is still photographs and videos, depicting the sexual exploitation of a minor.   The government must prove the following essential elements beyond a reasonable doubt:

a.    That the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;

b.    That the defendant intended that the minor engage in the sexually explicit conduct;

c.    That the defendant did so for the purpose of producing a visual depiction of such conduct; and

d.    That the defendant knew or had reason to know that the depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

7.    Defendant Warner is further charged with one count of possession of material depicting the sexual exploitation of a minor.   In order to establish the commission of that offense, the government must prove beyond a reasonable doubt that the defendant:

a.    Knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct;

4

b. The item which contained the visual depiction had been mailed, transported, or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate or foreign commerce; and

c. The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined by Section 2256 of Title 18 of the United States Code.

8. The government intends, in meeting its burden, to introduce evidence regarding the defendant's production and possession of the images and videos which are the subject of Counts One through Seven, and which depict minor victims "MC", "FW", and "HE" engaging in sexually explicit conduct. Said evidence will consist of testimony and the exhibiting of the subject material. The subject material will consist of the actual images and/or videos produced of the child victims, on or about the dates and times set forth in the respective charges. Said images and videos include, but are not limited to, depictions of the child victims leading up to and following the taking of the sexually exploitive images. The government submits that all said images are clearly "intrinsic" evidence of the crimes charged, i.e. directly prove the charged offenses. See United States v. Green, 617 F.3d 233, 248 (3d Cir. 2010).

The government has prepared a DVD containing these images and videos, categorized by count, for the court's pre-trial review.

9.    Much of the physical evidence referenced above was provided to the government on two discs/DVDs which contain still photographs and videos that Armando Cruz, now a government witness, downloaded from Warner's laptop computer, while he was visiting defendant Warner's home on or about February 14, 2012. The content of the discs reveals that on numerous occasions, minor females, to include "MC" and "FW", were photographed and video/audio taped while visiting the Warner home. The minor females are depicted clothed and unclothed, and in some images/videos there is a male hand engaging in sexual contact with the child victim. In one sexually explicit videotape, a male voice can be heard instructing the minor female victim. Most of the images were created on various dates in May through July of 2011, using a Canon Powershot digital camera.

10.    The government is seeking the admission of all said material depicting "MC" and "FW", produced during that time period, as "intrinsic" evidence of the offenses charged in the Superseding Indictment, to include the uncharged conduct. The uncharged conduct resulting in the production of images depicting the defendant's contact with the minor victims is intrinsic to the charged offenses because the uncharged images were produced "contemporaneously" with the charged images/videos

6

and facilitated the defendant in his commission of the charged offenses. Id. at 249 (quoting United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000)).

11. Alternatively, the government seeks to introduce uncharged evidence under Rule 404(b). Defendant Warner has pleaded not guilty to the pending charges and neither he nor his counsel have yet articulated a defense to those charges. It is incumbent upon the government to prove the defendant's commission of said acts. In preparation to do so, the government must anticipate possible defenses he may pursue at trial. It is anticipated that defendant Warner will attempt to establish that he had no knowledge of the production of the subject child pornography, was not involved in the production of the child pornography in question, and/or that someone else, possibly Armando Cruz, was responsible for the production of the sexually exploitive images. All said defenses put Defendant Warner's state of mind and intent at issue, as well as his opportunity to commit the offenses and the clear absence of mistake or accident.

12. As the government set forth in its 404(b) Notice, the four-part test for admission of 404(b) evidence, as provided in Huddleston v. United States, 485 U.S. 681 (1988), remains in effect and are as follows:

       i.   The evidence must have a proper purpose;

ii.  It must be relevant;

iii. Its  probative  value  must  outweigh  its potential for unfair prejudice; and

iv.  The  court  must  charge  the  jury  to  consider the  evidence  only  for  the  limited  purposes  for  which  it  is admitted.

See  also  <u>United  States  v.  Givan</u>,  320  F.3d  452,  460  (3d  Cir. 2012).   Additionally,  Rule  404(b)  makes  no  distinction  between acts  prior  to  and  subsequent  to  the  charged  conduct.   <u>United States v. Bergrin</u>, 682 F.3d 261,281 n.25 (3d Cir. 2012).

13.  The  government  intends  to  introduce  testimony  and exhibits  of  other,  uncharged  acts  by  the  defendant,  so  as  to establish  the  defendant's  state-of-mind,  his  intent,  his  access to  the  victims,  and  the  opportunity  to  offend.   Evidence gathered  by  the  FBI  and  the  Pennsylvania  State  Police  ("PSP") during  the  investigation  of  Earl  Warner  reveals  that  defendant Warner,  on  other  dates  and  times  in  and  around  the  Summer  of 2011,  "employed,  used,  persuaded,  induced,  enticed,  or  coerced" the  minor  victims  to  engage  in  sexually  explicit  conduct  for  the purpose  of  producing  visual  depictions  of  such  conduct. Primarily,  the  government  seeks  to  admit  certain  summary evidence, that is:

a.    That Special Agent Carter and/or Corporal Robert Pearson of the PSP have reviewed all of the images and videos on two discs (DVDs) seized in this case.

b.    That, in addition to the material that is the subject of Counts One through Seven of the Superseding Indictment, there are many other similar photographs/videos (and the metadata associated therewith) which depict the child victims in both non-sexually exploitive and sexually exploitive images within defendant Warner's residence;

c.    That said depictions were taken with the same Canon Powershot camera, during the same time frame.

d.    That a series of still photographs were taken from June 5, 2011, at 3:18 a.m. to June 6, 2011, at 6:47 a.m., which depict child victim "MC" with and without clothing, some of which are sexually explicit.  That the first of said photographs was taken a mere 18 hours after the conduct charged in Count One of the Superseding Indictment.

e.    That child victim "FW" is depicted in a series of still images, many of which depict her sexual exploitation, taken during the period May 11, 2011, beginning at 1:33 a.m. and ending on May 12, 2011, at 7:05 a.m., on May 31, 2011, from 4:37 a.m. to 4:48 a.m., on June 7, 2011, from 6:12 a.m. to 6:16 a.m., and on June 26, 2011, at 4:40 p.m.

14. Finally, the evidence must also meet the requirements of Federal Rule of Evidence 403, which provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Case law establishes that not only is evidence of this nature admissible under 404(b) because it has a proper purpose, but also that the evidence is admissible under 403 standards because the probative value of the above-described evidence outweighs any potential danger of unfair prejudice.[1]

15. The government submits that in the instant case the probative value of the subject evidence clearly and substantially outweighs any prejudice that might stem from its

---

[1] See e.g., United States v. Jerkins, 871 F.2d 598, 605 (6th Cir. 1989) (holding that any other misconduct of the same type as the offense that is charged has "great probative value" and does not create any unfair prejudice); United States v. Johnson, 893 F.2d 451, 454 (1st Cir. 1990) (affirming the district court's admission of taxpayer's misconduct during the year following the years for which he was charged, holding, "The jury was clearly entitled to know of the 1987 misconduct in order to evaluate his true intent during the earlier period. The district court did not abuse its discretion in determining that the probative value of this evidence was not outweighed by any danger of unfair prejudice").

admission,   and   the   jury   has   the   right   to   hear   and   see   this evidence.

                      Respectfully submitted,

                      DAVID J. HICKTON
                      United States Attorney


                      /s/ Carolyn J. Bloch _____
                      CAROLYN J. BLOCH
                      Assistant United States Attorney
                      U.S. Post Office and Courthouse
                      700 Grant Street
                      Suite 4000
                      Pittsburgh, Pennsylvania 15219
                      (412) 644-3500 (Phone)
                      (412) 644-4549 (Fax)
                      Carolyn.Bloch@usdoj.gov
                      PA ID No. 53430