THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 12-CR-107 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| EARL WARNER | ) | |

### RESPONSE TO GOVERNMENT'S
### MOTION IN LIMINE RE: PENALTIES

1.   The government wants this Court to "preclude [Warner] from mentioning, either directly or indirectly, the mandatory minimums and statutory maximums, [and] the possible sentence, or the possible sentence range." *See*, #97.

2.   It appears as this is an attempt to limit the cross examination of a government witness, Armando Cruz.  See, #96, paragraph 9 ("Armando Cruz, now a government witness").

3.   USA v. Chandler, 326 F.3d 210 (3d Cir. 2003) prohibits the restrictions the government seeks.  Chandler was a drug conspiracy

1

case which took place in this very courthouse. Chandler's confederates became turncoats and testified on behalf of the government. One had already been sentenced and the other had yet to be sentenced. During cross-examination of both witnesses, the trial judge precluded defense counsel from asking questions about the same topics the government wants excluded from Warner's trial. That was a mistake, according to the 3d Circuit.

> "…[W]we have little difficulty concluding that a reasonable jury could have 'reached a significantly different impression' of Sylvester's and Yearwood's credibility had it been apprised of the enormous magnitude of their stake in testifying against Chandler. With respect to Sylvester, the jury learned only that he pled guilty to an offense carrying a sentence of between 12 and 18 months, that he could have been charged with a greater offense, and that he received only one month of house arrest, plus probation. The jury would have had little reason to infer from that information that Sylvester's cooperation with the government might have meant the difference between more than eight years in prison, on the one hand, and the modest sentence he in fact received, on the other. The limited nature of Sylvester's acknowledgment that he had benefitted from his cooperation made that acknowledgment insufficient for a jury to appreciate the strength of his incentive to provide testimony that was satisfactory to the prosecution. Similarly, if Yearwood, facing a sentence under the Guidelines of upwards of twelve years, anticipated a benefit equal to even a fraction of Sylvester's proportionate penalty reduction, her mere acknowledgment that she hoped that the government would move for a lesser sentence did not adequately enable a jury to evaluate her motive to cooperate."

Id., at 222.

4. Based upon <u>Chandler</u>, the government's motion should be denied.

> Respectfully submitted,
>
> <u>/s/David B. Chontos</u>
> *PA I.D. # 53442*
> CHONTOS & CHONTOS, P.C.
> 561 Beulah Road
> Turtle Creek,  PA  15145-1317
> 412 825 5450
> 412 825 5451 *fax*
> david@chontoslaw.com
>
> Counsel for Earl Warner

3