THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA   )          12-cr-107
                           )
          vs.              )
                           )
                           )
EARL WARNER                )


**REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION IN LIMINE RE: 404(b) EVIDENCE**


1.    At #96, the government responded to Warner's motion to exclude the government's proposed 404(b) evidence.  However, there is more in that *Response* than meets the eye.  The government discusses the 404(b) aspect but only as an alternative.  *See*, #96, paragraph 3 ("Or, in the alternative, admit said evidence under Rule 404(b)."); paragraph 11 ("Alternatively, the government seeks to introduce uncharged evidence under Rule 404(b)."   So, giving Warner the benefit of his framing the issue as one limiting 404(b) evidence, he will reply to that aspect of the *Response* first.

1

2.     First, we must return to the government's *Notice* of December 23, 2013.  #85.  Its *Notice* articulated two reasons to admit its proffered evidence.  Those reasons were: (a) intent; and, (b) absence of mistake or accident.  Now, some 16 days later, it adds 2 more reasons:  "state of mind" and "opportunity".  *See*, #96, paragraph 11, pg. 7.  This pair of "Johnny-come -lately" reasons should not be entertained by the Court.

In order to frame the next argument, Warner repeats his thesis against admission of the 404(b) evidence.  A bare bones articulation of the *Huddleston* reasons will not carry the day in its quest to admit Rule 404(b) evidence. #92, paragraph 4, pg. 3.  Despite taking a second chance to satisfy the rule's requirements, the government failed to do so in #96.  Smith requires more.  United States v. Smith, 725 F.3d 340,345 (3d Cir. 2013)("To meet the first requirement for admissibility, the proponents of Rule 404(b) evidence must do more than conjure up a proper purpose - they must also establish a chain of inferences no link of which is based on a propensity inference.").

3.     The *Notes* to Rule 404(b) provides for a nice transition to the government's other argument – the stuff comes in because

it is intrinsic.   The 1991 Amendment to Rule 404(b) states it "does not extend to evidence of acts which are 'intrinsic' to the charged offense."   The leading case on the issue is <u>United States v. Green</u>, 617 F.3d 233 (3d Cir. 2010).   The scholarly work provided great history and showed the development of the concept before reaching its decision.

> "…[W]e will reserve the 'intrinsic' label for two narrow categories of evidence. First, evidence is intrinsic if it 'directly proves' the charged offense. See e.g., *Cross*, 308 F.3d at 320; *Gibbs*, 190 F.3d at 218 (acts of violence admissible as direct proof of the charged drug conspiracy). See also *Bowie*, 232 F.3d at 929 (acknowledging that evidence of "an act that is part of the charged offense . . . is properly considered intrinsic"). This gives effect to Rule 404(b)'s applicability only to evidence of 'other crimes, wrongs, or acts.' Fed. R. Evid. 404(b)[ ]. If uncharged misconduct directly proves the charged offense, it is not evidence of some 'other' crime. *Gibbs*, 190 F.3d at 218. Second, 'uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime.' *Bowie*, 232 F.3d at 929. But all else must be analyzed under Rule 404(b)."

617 F.3d at 248-249.

Here, the government is claiming this large collection of material satisfies BOTH "narrow categories of evidence". <u>Id</u>.; *see*, #96, pg. 5, paragraph 8 ("all said images are clearly 'intrinsic'"); #96, pg. 6, paragraph 10 ("the uncharged images were produced

'contemporaneously' with the charged images/videos and facilitated [Warner] in his commission of the charged offenses.").

4.     Simply stated, this proposed evidence is not "intrinsic" and can only be admitted if the recently invigorated interpretation of Rule 404(b) can be satisfied.

> Respectfully submitted,
>
> /s/David B. Chontos
> *PA I.D. # 53442*
> CHONTOS & CHONTOS, P.C.
> 561 Beulah Road
> Turtle Creek,  PA  15145-1317
> 412 825 5450
> 412 825 5451 *fax*
> david@chontoslaw.com
>
> Counsel for Earl Warner