THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA  )  12- CR -107
                          )
              vs.         )
                          )
                          )
EARL WARNER               )

## REPLY TO GOVERNMENT'S MOTION IN LIMINE
## RE: BUSINESS RECORDS - ACER

Defendant, Earl Warner, through his undersigned counsel, files
this *Reply to Government's Motion in Limine Re: Business Records -
Acer* and in support thereof avers as follows:

1.      Business records under Fed.R.E. 803(6) are an exception to the
rule against the admission of hearsay evidence.  One of its requirements
is that the record must be "made at or near the time".  The phrase "the
time" is important.  What finite moment in time is the rule referring to?
The government's slant is "the time" is defined as when the record was
made.  Examination of page 2 of the Exhibit to #106 informs Warner

1

that this document was generated only after Acer was asked by law enforcement if they had any information about it.  Then, and only then, was the document generated.  This is not a "*regular* practice" of Acer to receive information from law enforcement and then produce a document satisfying the desire of law enforcement.  Furthermore, the government wants the Court to believe that Acer, on a regular basis, and as part of their normal course of operating, tracks those computers which are not registered.  Business realities suggest the opposite is true.  Acer and those similarly situated welcome a buyer not registering their unit.  Why?  That reduces Acer's exposure for warranty claims.  That avoidance of risk casts a dark cloud over the trustworthiness of the document in question.

Warner is not done.  Assuming for the moment his previous objections are overruled, the document should not be admitted because it violates Warner's 6th Amendment protections under the confrontation clause.  The goal of this document[1] is to show country of origin for the Acer computer.  As such, the document is "testimonial" for it assists the

---

[1] Warner includes the Rule 902(11) certificate and its declarations as being part of the "document" and subject to the Confrontation Clause.

government in proving that jurisdictional nexus these crimes require. Furthermore, as alluded to earlier, the document was prepared only after law enforcement asked for it with full understanding that it would be used at trial.  The principles of <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) would not be honored if this document was admitted.  It is not enough that the evidence falls within a hearsay exception for it to be admissible in a criminal trial; if the evidence is testimonial, it must also comply with the Confrontation Clause's requirements of unavailability and a prior opportunity for cross-examination. 541 U.S. at 51.

For these reasons, the Acer business record should not be admitted through Rule 803(6) and 902(11).

Respectfully submitted,

/s/David B. Chontos
*PA I.D. # 53442*
CHONTOS & CHONTOS, P.C.
561 Beulah Road
Turtle Creek,  PA  15145-1317
412 825 5450
412 825 5451 *fax*
david@chontoslaw.com

Counsel for Earl Warner

3