IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 12-107 |
| EARL D. WARNER | |

<u>GOVERNMENT'S MOTION IN LIMINE TO ADMIT BUSINESS RECORDS</u>

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said district, submitting as follows:

The government respectfully submits this motion seeking an order permitting it to admit business records of Canon U.S.A., Inc., pursuant to Federal Rules of Evidence 902(11) and 803(6). These records, which are attached hereto, establish that the Canon camera in question was manufactured in China (outside of the State of Pennsylvania). These records have been produced to the defendant.

Business records are admissible as an exception to the hearsay rule if the records were "made at or near the time by ... a person with knowledge, if kept in the ordinary course of a regularly conducted business activity, and if it was the regular practice of that business activity to make" the records.  *See*

Fed. R. Evid. 803(6); *United States v. Jimenez*, 513 F.3d 62, 78 (3d Cir. 2008). Such business records may be authenticated by introduction of an affidavit or certification from a custodian of records certifying that the record:

    (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    (B) was kept in the course of a regularly conducted business activity; and

    (C) was made by the regularly conducted activity as a regular practice.

Fed. R. Evid. 902(11); *United States v. Schwartz*, 315 Fed. Appx. 412 (3d Cir. 2009); *United States v. Adfehinti*, 510 F.3d 319, 324-28 (D.C. Cir. 2008). In addition, the proponent of the evidence must provide written notice of the intention to introduce it through a Rule 902(11) certification "to all adverse parties, and must make the record and declaration available for inspection sufficiency in advance of their offer into evidence to provide the adverse party with a fair opportunity to challenge them." Fed. R. Evid. 902(11).

    The government has provided notice of its intention both through this written motion and, orally, in the presence of the Court at the Status Conference held on January 9, 2014. The

2

defendant has been provided a copy of the certification and records received from Canon U.S.A., Inc. (Exhibit 1).

Because the certified records meet the requirements for self-authentication under Rule 902(11) and admissibility under Rule 803(6), the Court should enter an order admitting these documents into evidence (and obviating the need for the government to call a records custodian for said records).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court permit the government to admit the attached business records of Canon U.S.A., Inc., pursuant to Federal Rules of Evidence 902(11) and 803(6).

Respectfully submitted,

DAVID J. HICKTON
United States Attorney


s/ Carolyn J. Bloch
CAROLYN J. BLOCH
Assistant U.S. Attorney
U.S. Post Office and Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219
(412) 894-7319 (Phone)
(412) 644-2644 (Fax)
Carolyn.Bloch@usdoj.gov
PA ID No. 53430