IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

EARL D. WARNER,

          Defendant.

Criminal No. 12-0107
ELECTRONICALLY
FILED

## FINAL JURY INSTRUCTIONS

## I. General Instructions

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law.

We have given you copies of the special Verdict Form on which you will answer specific questions.  Please take a few minutes to read the Verdict Form, because the instructions I am about to give you will help you answer those questions.

When you retire to the jury room to deliberate, you may take these instructions with you, along with your notes, the exhibits that the Court has admitted into evidence, and the Verdict Form.  You should select one

member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. In other words, it is your duty to determine from the evidence what actually happened in this case, applying the law as I now explain it.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole; do not disregard or give special attention to any one instruction; and do not question the wisdom of any rule of law or rule of evidence I state. In

other words, do not substitute your own notion or opinion as to what the law is or ought to be.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict.  Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors.  Listen to each other carefully.  In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence.  But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors.  Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me, or to anyone but each other about the case.  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a cell phone, a smart phone like Blackberries, Droids, or iPhones, or a

computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, Twitter, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages: Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A Verdict Form has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you

have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form.  You will then return to the courtroom and your foreperson will give your verdict.  Unless I direct you otherwise, do not reveal your answers until you are discharged.  After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

## II. Evidence

### What is Evidence?

The "evidence" in this case consists of the testimony of witnesses, the documents and other physical items, if any, received as exhibits, and any facts stipulated by the parties.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses; and

(2) Documents and other things received as exhibits.

**What is Not Evidence?**

The following things are not evidence:

1.  The superseding indictment;

2.  Statements, arguments, questions and comments by the lawyers are not evidence.

3.  Likewise, objections are not evidence. As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial, the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.  You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard.  When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

4.  Any testimony that I ordered stricken from the record, or told you to disregard, is not evidence and you must not consider any such matter.

5.  Anything you saw or heard about this case outside the courtroom is not evidence.  You must decide the case only on the evidence presented here in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

**Exhibits**

The exhibits meet the requirements of the rules of evidence and therefore have been admitted for your consideration.   Any inference or conclusion that you draw from any exhibit is within your power as a factfinder.

**Evidence, Inferences, and Common Sense**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.   If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

**Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about

something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

### Bias, Sympathy And Prejudice

You may not allow sympathy or personal feelings to influence your determination.  Your duty is to decide the case solely on the basis of the evidence or lack of evidence and the law as I have instructed you, without bias, prejudice, or sympathy for or against the parties or their counsel.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

You have been shown certain images that have been admitted into evidence. These images were shown only to assist you in determining whether the government has met its burden to prove the defendant guilty of all of the elements of the charges against him. You should not allow any feelings that you may have regarding these images to affect this determination in any manner.  You should consider these images in the same

unbiased, impartial way as you would any other piece of evidence offered by either side in the case.

### Jurors' Notes

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence. Notes are only an aid to your recollection and are not entitled to greater weight than your recollection of what the evidence actually is. You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes. If you did not take notes you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

## III. Credibility of Witnesses / Weight of Testimony in General

### In General

You must consider all of the evidence, but this does not mean you must accept all of the evidence as true or accurate. You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You may be guided by the appearance and conduct of the witness, by the manner in which the witness testifies, by the character of the testimony given and by evidence or testimony to the contrary.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness' ability to have observed the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider any business, personal or other relationship a witness might have with either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

**Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the

credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

You are not required to accept testimony even if the testimony was not contradicted.  You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

In deciding what to believe, including any child witness, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

13

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.


**Inconsistencies or Discrepancies**

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony.  Two or more persons witnessing an event may simply

see or hear it differently.  Mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail.  You should also consider whether the inconsistency was innocent or intentional.

### False In One, False In All

If you find that a witness has lied to you in any material portion of his or her testimony, you may disregard that witness' testimony in its entirety.  I say that you may disregard such testimony, not that you must.  However, you should consider whether the untrue part of the testimony was the result of a mistake or inadvertence, or was, rather, willful and stated with a design or intent to deceive.

Again, after making your own judgment, give the testimony of each witness the weight you think it deserves.  You may, in short, accept or reject the testimony of any witness in whole or in part.

**Not Required to Accept Uncontradicted Testimony**

You are not required to accept any testimony, even though the testimony is not contradicted.  You may decide, because of the witness' bearing and demeanor, because of the inherent improbability of his or her testimony, or because of other reasons sufficient to you, that such testimony is not worthy of belief.

**Number of Witnesses Not Important**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.  In short, what is most important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Not All Evidence, Not All Witnesses Needed**

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I

have explained, the defendant is not required to present any evidence or produce any witnesses.

In this case, the defendant, Earl Warner, presented evidence through various witnesses.  Mr. Warner is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

### Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those witnesses who are described as "expert witnesses".  An "expert witness" is someone who, by training, experience, or by education, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves.  You should

consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

In weighing this opinion testimony, you may consider the witness' qualifications, their opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

### Credibility of Witnesses – Law Enforcement Officer

You have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that

his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

### Defendant's Character Evidence

You have heard reputation and opinion evidence about whether the defendant has a character trait for truthfulness and honesty.

You should consider this character evidence together with and in the same way as all the other evidence in the case in deciding whether the government has proved the charges beyond a reasonable doubt.

## IV.   Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant, Earl Warner, pleaded not guilty to the offenses charged. Mr. Warner is presumed to be innocent.  He started the trial with a clean slate, with no evidence against him.  The presumption of innocence stays with Mr. Warner unless and until the government has presented evidence that overcomes that presumption by convincing you that Mr. Warner is guilty of

an offense charged beyond a reasonable doubt.  The presumption of innocence requires that you find Mr. Warner not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. Warner has no burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that Mr. Warner is guilty and this burden stays with the government throughout the trial.

In order for you to find Mr. Warner guilty of an offense charged, the government must convince you that Mr. Warner is guilty beyond a reasonable doubt.  That means that the government must prove each and every element of an offense charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would

cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of an offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

## V.    The Indictment

### Nature of the Indictment

As you know, the defendant, Mr. Warner, is charged in the superseding indictment with violating federal law, specifically six counts of the production of material depicting the sexual exploitation of a minor, and one count of possession of material depicting the sexual exploitation of a minor. As I explained at the beginning of trial, an indictment, or in this case a superseding indictment, is just the formal way of specifying the exact crimes the defendant is accused of committing.  A superseding indictment is simply

a description of the charges against a defendant.  It is an accusation only.  A superseding indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Warner has been indicted in making your decision in this case.

### On or About

You will note that the superseding indictment charges that the offense was committed "on or about" certain dates.  The government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on dates reasonably near the dates alleged.

### Venue

The superseding indictment alleges that some act in furtherance of the offense charged occurred here in the Western District of Pennsylvania.  There is no requirement that all aspects of the offense charged take place here in the Western District of Pennsylvania.  But for you to return a guilty verdict, the government must convince you that some act in furtherance of the crime charged took place here in Western District of Pennsylvania.

Unlike all the elements that I have described, venue only has to be proved by a preponderance of the evidence.  This means the government only has to convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

Remember that the government must prove all of the other elements I have described beyond a reasonable doubt.

## VI.   Elements of the Offenses Charged

### In General

The defendant is charged in the superseding indictment with committing two different offenses.

Each of these offenses has essential elements.  To find the defendant guilty of an offense, you must all find that the government proved each of the essential elements of that offense beyond a reasonable doubt.  I will explain the elements of each offense in more detail shortly.

### Proof May Be Disjunctive

The counts in the superseding indictment charge the defendant with doing certain acts in the conjunctive by using the word "and".  As used in the

superseding indictment, the word "and" is synonymous with the word "or". Thus, to prove particular elements of the crime that are charged in the conjunctive, the government does not need to prove that the defendant did each of these acts.  It is sufficient if the government proves beyond a reasonable doubt that the defendant did any of these alternate acts as charged.

### Single Defendant Charged with Multiple Offenses

The defendant is charged with two offenses; each offense is charged in a separate count of the superseding indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense.  For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, must not influence your decision on any of the other offenses charged.  Each offense must be considered separately.

**Counts One through Six: Production of Material Depicting the Sexual Exploitation of a Minor**

The defendant is charged in Counts One through Six of the superseding indictment with the production of material depicting the sexual exploitation of a minor with respect to the specified minors on the following days and times:

Count One:  charges defendant with production of child pornography on or about June 4, 2011, from at or about 6:34 a.m., to at or about 9:21 a.m., as to victim "M.C."

Count Two: charges defendant with production of child pornography on or about June 8, 2011, from at or about 3:09 a.m., to at or about 3:53 a.m., as to victim "F.W."

Count Three: charges defendant with production of child pornography on or about June 12, 2011, from at or about 9:24 a.m., to at or about 9:49 a.m., as to victim "F.W."

Count Four: charges defendant with production of child pornography on or about June 13, 2011, from at or about 5:40 a.m., to at or about 5:53 a.m., as to victim "H.E."

Count Five: charges defendant with production of child pornography on or about July 13, 2011, as to "F.W."

Count Six: charges defendant with production of child pornography on or about July 23, 2011, as to "F.W."

**Counts One through Six:  Essential Elements - Production of Material Depicting the Sexual Exploitation of a Minor**

Counts One through Six of the superseding indictment, charging production of material depicting the sexual exploitation of a minor, have three elements:

First:  At the time of the offense, the victim depicted was under the age of eighteen years;

Second:  The defendant employed, used, persuaded or coerced the victim to take part in sexually explicit conduct for the purpose of producing one or more visual depictions of such conduct; and

Third:  The visual depiction was produced using materials that had been mailed, or shipped, or transported in interstate or foreign commerce by any means.

**Count Seven: Possession of Material Depicting the Sexual Exploitation of a Minor**

The defendant is charged in Count Seven of the superseding indictment with possession of material depicting the sexual exploitation of a minor on or about April 9, 2012.

**Count Seven:  Essential Elements – Possession of Material Depicting the Sexual Exploitation of a Minor**

Count Seven of the superseding indictment, charging the defendant with possession of material depicting the sexual exploitation of a minor, has three elements:

First: That the defendant knowingly possessed one or more items which contained a visual depiction of a minor engaging in sexually explicit conduct;

Second: That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce;

Third: That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

### Proof of Only One Image Required

Although you have heard evidence regarding multiple images of material depicting the sexual exploitation of a minor, to find the defendant guilty of producing or possessing material depicting the sexual exploitation of a minor, you must only find beyond a reasonable doubt that the defendant produced and/or possessed at least one single image depicting the sexual exploitation of a minor, on or about the date(s) charged.  Further, you must unanimously agree as to which such visual image, or images, he produced and/or possessed.

## VII.  Definitions

### "Knowingly"

The offenses of producing and possessing material depicting the sexual exploitation of a minor, charged in the superseding indictment, require that

the government prove that Earl Warner acted "knowingly" with respect to the first element of each of the offenses.

Often the state of mind or "knowledge" with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. The government, however, may prove Earl Warner's state of mind indirectly from the surrounding circumstances and evidence presented. Thus, to determine what Earl Warner knew at a particular time, you may consider evidence about what Earl Warner said, what Earl Warner did or failed to do, how Earl Warner acted, and all the other facts and circumstances shown by the evidence that may prove what was in Earl Warner's mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about Earl Warner's state of mind.

You may also consider the natural and probable results or consequences of any acts Earl Warner knowingly did, and whether it is reasonable to conclude that Earl Warner intended those results or consequences. You may find, but you are not required to find, that Earl Warner knew and intended the natural and probable consequences or results of acts he knowingly did. This means that if you find that an ordinary person

in Earl Warner's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that Earl Warner did know and did intend that those consequences would result from his actions. This is entirely up to you to decide as the finders of the facts in this case.

The government is not required to prove that Earl Warner knew his acts were against the law.

**"Sexually Explicit Conduct"**

"Sexually Explicit Conduct" includes actual or simulated masturbation or lascivious exhibition of the genitals or pubic area of any person.

**"Lascivious Exhibition of the Genitals or Pubic Area"**

For a visual depiction of the genitals or pubic area of a minor to be considered "sexually explicit conduct", the exhibition must be "lascivious". Not every exposure of the genitals or pubic area will necessarily be a "lascivious exhibition".  Whether a picture or image of the genitals or pubic area constitutes a lascivious exhibition requires a consideration of the overall context of the material.

In determining whether an exhibition of the genitals or pubic area of a minor is lascivious, you may consider the following factors:

a.      Whether the focal point of the visual depiction is on the minor's genitals or pubic area;

b.      Whether the setting of the visual depiction is sexually suggestive, that is, a place or pose generally associated with sexual activity;

c.      Whether the minor is depicted in an unnatural pose, or in inappropriate attire considering the age of the minor;

d.      Whether the minor is fully or partially clothed, or nude;

e.      Whether the visual depiction suggests coyness or a willingness to engage in sexual activity; and

f.      Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

As to this last factor, it is not necessary that the image be intended or designed to elicit a sexual response in the average viewer.

A picture or image need not involve all of these factors to constitute a lascivious exhibition of the genitals or pubic area.  It is for you to decide what, if any, weight to be given to any of these factors.  Ultimately, you must

determine whether the visual depiction is lascivious based on its overall content.

### "Possession"

Count Seven of the superseding indictment charges the defendant with possession of material depicting the sexual exploitation of a minor.  The word "possess" means to own or to exert control over.  The word "possession" can take on several different, but related, meanings.

The law recognizes two kinds of "possession" - actual possession and constructive possession.  A person who knowingly had direct physical control over a thing at a given time is then in actual possession of it.  A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The law recognizes also that "possession" may be sole or joint.  If one person alone has actual or constructive possession of a thing, then possession is sole.  If two or more persons share actual or constructive possession of a thing, then possession is joint.

You may find that the element of "possession", as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

### "Interstate/Foreign Commerce"

"Commerce" means travel, trade traffic, commerce, transportation, or communications among or between the states, or the United States and a foreign country. The term "in interstate commerce" means that the visual depiction or the materials used to produce, transport, or transmit the visual depiction crossed state lines or national borders.

The law does not require that the government prove that the defendant know the interstate nature of an instrument on which a depiction of child pornography is produced or stored.

### Proof of Knowledge or Intent

Often the state of mind (intent, knowledge, willfulness, or recklessness) with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking.

However, the defendant's state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine the defendant's state of mind, or what the defendant intended or knew, at a particular time, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at the time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about the defendant's state of mind.

You may also consider the natural and probable results or consequences of any acts the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results or consequences. You may find, but you are not required to find, that the defendant knew and intended the natural and probably consequences or results of acts that he knowingly did. This means that if you find that an ordinary person in the defendant's situation would have naturally realized that certain consequences would result from his actions, then you may find, but you are not required to find, that the defendant did know and intend that

those consequences would result from his actions.  This is entirely up to you to decide as the finders of facts in this case.

### VI. Process of Jury Deliberation

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so, without violation to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the

case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  You can make this selection and conduct your deliberations in whatever manner you think best, but I offer some suggestions that other juries have found helpful to allow full participation by all jurors and to arrive at a verdict that satisfies everyone.

The foreperson should encourage open communication, cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before expressing her or his views.

The foreperson should never attempt to promote or permit anyone else to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed. Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different person, with no hard feelings.

You also may think it wise to select a secretary to record votes, which

should probably be cast by secret ballot, and to keep track of whether everyone has spoken.

Some juries think it will be useful to take a preliminary vote before discussions are started, however, such an early vote often proves counter-productive for several reasons, including that it tends to "lock-in" a particular point of view before alternative points of view are covered.

You should listen carefully and attentively to each other, and hear what each other person is saying before responding.  Don't interrupt and don't monopolize the discussion.  Speak one at a time.  Be patient and respectful of other opinions, and don't take it personally if someone disagrees with you.

A verdict form has been prepared for you, and you have reviewed a copy.  You will take the original verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will each sign it, have your foreperson date it, and then signal the bailiff that you are prepared to return to the courtroom.

You will also be provided with copies of these instructions for your use during deliberations.   If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the foreperson, and pass the note to the bailiff who will

bring it to my attention.  After consulting with the lawyers, I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

It is proper to add the caution that nothing said in these instructions and nothing in the Verdict Form prepared for your convenience is meant to suggest or hint in any way what verdict I think you should find.

What the verdict shall be is your sole and exclusive duty and responsibility.  You will note from the oath about to be taken by the bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

[Swear Bailiff and send jury out]