IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 12-107 |
| EARL D. WARNER | |

<u>GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING FACTORS</u>

      AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said district, and respectfully submits the following additions to the Presentence Investigation Report, none of which affect the calculation of the defendant's Offense Level or Criminal History Category:

      1. As reported in paragraph 19 of the Presentence Investigation Report (PSR), one victim impact statement has been received from the defendant's mother-in-law. Although she is not a direct victim of the offenses of conviction, she is clearly in a position to speak to the effects of defendant's charged and uncharged conduct on his immediate and extended family. Her statement reflects on the defendant's history and characteristics and should be considered by the Court in imposing a sentence in accordance with the factors set forth in Title 18, United States Code, Section 3553(a). Moreover, the provisions of Title 18, United States Code, Section 3661, clearly permit the Court's consideration of the contents of the letter in fashioning a just sentence. Section 3661 states as follows:

> No limitation shall be placed on the information concerning background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

2.   Paragraph 26 of the PSR correctly describes two images, admitted as evidence during the trial, in which victim MC is depicted pulling away her underpants to expose her vagina, and in so doing, is shown touching her groin area (see Government's Exhibits 138A and 139A).  As such, the enhancement of defendant's offense level by 2 levels under Section 2G2.1(b)(2)(A), for the reason that the conduct charged at Count One of the Indictment involved "sexual contact", as described in 18 U.S.C. § 2246(3), is appropriate.  See United States v. Shafer, 573 F.3d 267, 272-273 (6th Cir. 2009).

        Respectfully submitted,

        DAVID J. HICKTON
        United States Attorney

        s/ Carolyn J. Bloch
        CAROLYN J. BLOCH
        Assistant U.S. Attorney
        U.S. Post Office and Courthouse
        700 Grant Street
        Suite 4000
        Pittsburgh, Pennsylvania 15219
        (412) 894-7319 (Phone)
        (412) 644-2644 (Fax)
        Carolyn.Bloch@usdoj.gov
        PA ID No. 53430