```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 12-107 |
| EARL WARNER | |

<u>SENTENCING MEMORANDUM</u>

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Carolyn J. Bloch, Assistant United States Attorney for said district, and respectfully submits the following Sentencing Memorandum.

Upon consideration of all of the factors set forth in Title 18, United States Code, Section 3553(a), the government urges the Court to sentence defendant Warner to a most substantial term of imprisonment, as required by the governing statutes and the advisory sentencing guidelines.

As this Court is well aware, it must give "meaningful consideration" to all of the relevant Section 3553(a) factors. <u>United States v. Cooper</u>, 437 F.3d 324, 329 (3d Cir. 2006). The Court must also exercise its reasoned discretion while considering all non-frivolous arguments of the parties. <u>United States v. Jackson</u>, 467 F.3d 834, 841 (3d Cir. 2006). The court, however, need not discuss each factor if the record otherwise

makes clear that it took all relevant factors into account in imposing sentence.  Cooper, supra, 437 F.3d 329.

## I.  BACKGROUND

This case was investigated by the Federal Bureau of Investigation (FBI), the Pennsylvania State Police, and the Mercer, Pennsylvania Police Department.  The investigation of defendant Warner was initiated upon the FBI's discovery of sexually exploitive digital images of defendant Warner's minor daughter extracted from the computer of Warner's associate, Armando Cruz.  Following an expedient, but thorough investigation, defendant Warner was charged with six counts of unlawful production of images and videos depicting the sexual exploitation of minors and one count of unlawful possession of images depicting the sexual exploitation of minors.  A jury trial was conducted in January 2014, after which defendant Warner was convicted of all seven offenses charged.  A very thorough description of the underlying and relevant criminal conduct is set forth in the offense conduct section of the Presentence Investigation Report, prepared and filed in this case.

## II.  TITLE 18, UNITED STATES CODE, SECTION 3553(a)

The Court must impose a sentence that is reasonable in light of the factors listed in 18 U.S.C. § 3553(a), which directs the Court to impose a sentence which is sufficient to account for each of the relevant Section 3553(a) factors, but

which is no longer than necessary.  Under the facts of this case, a sentence substantially above the minimum required by statute and within the advisory guideline range should be imposed.

       A.    <u>The Nature and Circumstances of the Offense and History and Characteristics of the Defendant</u>

       1.    The nature and circumstances of the offenses of conviction in this case are most aggravated.  Defendant Warner, over the course of a two-month period, exploited his access to young children and repeatedly produced still images and videos depicting their sexual exploitation.  These self-produced images and videos clearly depict the sexual acts and contact the defendant had with each of the children.  Most significantly, the hundreds of images and videos produced clearly portray the physical and emotional trauma defendant Warner selfishly imposed upon the victims for his own sexual arousal and pleasure. These are violent, unforgivable crimes for which defendant Warner must accordingly be sentenced.

       2.    The defendant has one prior conviction for which he received two points under the Sentencing Guidelines.  It was not a conviction involving a sex offense.  The defendant's resulting Criminal History Category is II, but the aggravated nature of his pattern sexual offending against the young children victimized in this case triggers significant guideline

enhancements which generate a guideline range of life imprisonment.

      B.    Seriousness of the Offense, Respect for the Law, Just Punishment

Generally, crimes related to the sexual exploitation of children warrant stringent sentences. In United States v. Goff, 501 F.3d 250, 258-60 (3d Cir. 2007), the Third Circuit Court of Appeals engaged in an extensive discussion of the need for sentences in these cases to constitute just punishment and promote respect for the law. The Court noted: "Children are exploited, molested, and raped for the prurient pleasure of Goff and others who support suppliers of child pornography." Id. At 259. Their injuries are real and consumers who passively receive or possess their images contribute to their victimization. Id.

This case, unlike the Goff case, pertains to the actual production of child pornography, that is, the violent sexual exploitation of young children for the defendant's sexual pleasure. As such, it is among the most serious of offenses that come before this Court. There are no mitigating factors or circumstances in this case which would support a sentence that both promotes respect for the law and provides for just punishment other than one within the applicable guideline range.

C.   Deterrence of Others

Pursuant to Section 3553(a)(2)(B), sentences must provide adequate deterrence to others.  The defendant's sentence in this case has the real potential to effectuate general deterrence if it is both appropriately significant and commensurate with the range determined through application of the guidelines.

D.   Protect the Public

The defendant has shown himself to be a violent predator.  Defendant Warner engaged in the repeated sexual exploitation of young children and memorialized that exploitation in videos and photographs.  He has, furthermore, exposed his own daughter, at a minimum, to the sexual abuse of her young friends.  Defendant Warner has caused physical and emotional trauma to the most vulnerable victims and remains a menace to the public.

E.   Need to Avoid Sentencing Disparity

In imposing sentence, the Court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6). The most readily accessible and pertinent sentences are those imposed in United States v. Armando Cruz, United States v. Brandon Schroth, and United States v. Jeffrey Mueller, all of which were imposed for the crime(s) of producing images of the sexual exploitation of

5

children.  Defendant Cruz was sentenced to serve 35 years imprisonment, defendant Schroth to serve 40 years imprisonment, and defendant Mueller to serve 40 years imprisonment.

Unlike defendant Warner, defendants Cruz, Schroth, and Mueller entered pleas of guilty and provided assistance in the investigation and/or prosecution of another person(s).  Unlike defendants Cruz, Schroth, and Mueller, defendant Warner during the course of his trial, subjected the child victims to additional emotional distress and a reliving of the victimization.

### III.  CONCLUSION

The government submits, after consideration of all the § 3553(a) factors, the Court should impose a sentence in keeping with that called for by the United States Sentencing Guidelines, as reflected in the Presentence Investigation Report prepared in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

s/ Carolyn J. Bloch
CAROLYN J. BLOCH
Assistant U.S. Attorney
PA ID No. 53430
U.S. Post Office and Courthouse
700 Grant Street
Suite 4000
Pittsburgh, PA  15219
(412) 894-7319 (Phone)
(412) 644-2644 (Fax)
Carolyn.Bloch@usdoj.gov
Counsel for the United States