IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

         vs.

EARL D. WARNER,

       Defendant.

_____

Criminal Action

No. 12-107

Transcript of proceedings on January 24, 2014,
United States District Court, Pittsburgh, Pennsylvania,
before Arthur J. Schwab, District Judge

APPEARANCES:

For the Government:       Carolyn J. Bloch, Esq.

For the Defendant:        David B. Chontos, Esq.

Court Reporter:         Richard T. Ford, RMR, CRR
                         6260 U.S. Courthouse
                         Pittsburgh, PA  15219
                         (412) 261-0802

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

1          (Proceedings held in open court; January 24, 2014.)

2          (Jury not present.)

3          (Defendant not present.)

4              THE COURT:  Good morning.

5              We are gathered together for Criminal No. 12-0107.

6    I would ask counsel for the Government to enter your

7    appearance, please.

8              MS. BLOCH:  On behalf of the United States, Carolyn

9    Bloch.

10             THE COURT:  Welcome.  On behalf of the Defendant?

11             MR. CHONTOS:  Your Honor, David Chontos on behalf

12   of Mr. Warner.  I would note Mr. Warner is not present and

13   that's okay with me.

14             THE COURT:  Because we are just talking about the

15   final jury instructions, right?

16             MR. CHONTOS:  Absolutely.

17             THE COURT:  Any objections, comments, or

18   corrections on the final jury instructions filed at Document

19   No. 135 on behalf of the Government?

20             MS. BLOCH:  None on behalf of the Government,

21   Your Honor.

22             THE COURT:  On behalf of the Defendant?

23             MR. CHONTOS:  Yes, Judge.  I think it might be --

24   at certain points -- I am going to walk through document 135

25   and at certain points I have suggested some language, and I

```
 1    think rather than me reading it I am going to show and read
 2    it.
 3                 THE COURT:  Okay.  You may begin.
 4                 MR. CHONTOS:  Thank you.
 5                 Judge, at Page 5, the fourth line down, it begins a
 6    sentence:  After you have reached a verdict, you are not
 7    required to talk.
 8                 THE COURT:  Correct.
 9                 MR. CHONTOS:  How I believe that sentence should
10    read is:  After you have reached a verdict, you not required
11    to talk, but you may talk if you so choose.
12                 THE COURT:  Where do you get that change?  Document
13    135 is coming out of suggested jury instructions from the
14    Third Circuit model instructions.  So did we misquote that
15    instruction?
16                 MR. CHONTOS:  Well, the --
17                 THE COURT:  My question is, did we misquote the
18    instruction?
19                 MR. CHONTOS:  I don't believe so.
20                 THE COURT:  Okay.  So you are asking for an
21    addition?
22                 MR. CHONTOS:  Well, what I believe is somewhat
23    offensive language is the bracketed material, what I have
24    bracketed, "with anyone about the case unless I order you to
25    do so."  Judge, after they have reached their verdict, they
```

1   have discharged their function in our system, so I am not so

2   sure you have the power anymore to tell them to talk or not

3   talk.

4            THE COURT:  Well, they will not be discharged from

5   my system, as you put it, for over a year because they have a

6   right to counseling for over a year after they render a

7   verdict.

8            MR. CHONTOS:  That's news to me.

9            THE COURT:  Well, it's provided for, they get

10  counseling sessions if they want to, and so they remain within

11  my jurisdiction for a year.

12           MR. CHONTOS:  Okay.

13           THE COURT:  What is your next one?

14           MR. CHONTOS:  Well, I am still on that --

15           THE COURT:  So I overrule that objection.

16           Next one, please.

17           MR. CHONTOS:  Judge, at the top of Page 6, in

18  parenthesis No. 3:  Any fact or testimony that was stipulated.

19           There's been no stipulations, so I don't think it

20  is appropriate to interject something that is really not part

21  of the case.

22           THE COURT:  Agreed?

23           MS. BLOCH:  Agree.

24           THE COURT:  So we will eliminate Item No. 3 at the

25  top of Page 6.

1              Next, please.

2              MR. CHONTOS:  Top of Page 7, first full sentence

3    that begins:  When I allowed evidence.  I don't have a

4    recollection of any piece of evidence coming in where you

5    limited it for purpose A or purpose B and things of that

6    nature.

7              THE COURT:  Any objection to deleting that

8    sentence?

9              MS. BLOCH:  No objection.

10             THE COURT:  The sentence -- the first full sentence

11   at the top of Page 7 will be deleted.

12             MR. CHONTOS:  Continue, Judge?

13             THE COURT:  Sure.

14             MR. CHONTOS:  Page 8, exhibits.

15             THE COURT:  Okay.

16             MR. CHONTOS:  Here's how I think that should read:

17   The exhibits met the requirements of the Rules of Evidence

18   and, therefore, have been admitted for your consideration.

19   Any inference or conclusion you draw from any exhibit is

20   within your power as a fact-finder.

21             What I find problematic with that is the defense

22   and the Government agreed to the exhibits.  That isn't

23   necessarily so.  Because we have objections, you overruled

24   them, and, bang, they go in.  So, again, what I think that

25   sentence should read is:  The exhibits meet the requirements

1   of the Rules of Evidence and, therefore, have been admitted

2   for your consideration.  Any inference or conclusion you draw

3   from any exhibit is within your power as the fact-finder.

4          THE COURT:  How is that different than what we say

5   where "this does not mean the parties agree as to the

6   inferences or conclusions that you should or may draw from any

7   exhibit?"

8          MR. CHONTOS:  The phrase in that last sentence,

9   "parties agree," references back to the first sentence,

10  "counsel for the Government and Defendant have agreed."

11         THE COURT:  It says they don't agree.  "This does

12  not mean the parties agree."

13         MR. CHONTOS:  Well, clearly the first sentence says

14  that they have.  I don't think that's accurate.  We raised

15  objections, they were overruled.

16         THE COURT:  What change, if any, do you want for

17  sentence one, please?

18         MR. CHONTOS:  Sentence one should read:  The

19  exhibits meet the requirements of the Rules of Evidence and,

20  therefore, have been admitted for your consideration.

21         THE COURT:  You want the first sentence deleted, is

22  that what you're now saying?

23         MR. CHONTOS:  And the first five words of sentence

24  No. 2.

25         THE COURT:  Any objection to deleting the first

1  sentence?

2          MS. BLOCH:  No objection.

3          THE COURT:  Now, the second sentence, how do you

4  want the second sentence to read?

5          MR. CHONTOS:  Well, Judge, it's really -- I have

6  combined sentence one and two into one sentence.

7          THE COURT:  This is not very helpful to the Court.

8  I have a jury that wants to come out here in 12 minutes.  You

9  need to articulate to me, please, clearly what you want

10  deleted, what you want added.  But just general comments don't

11  help me.  So what do you want done to the second sentence,

12  please?

13          MR. CHONTOS:  I want the first five words

14  eliminated.

15          THE COURT:  So the sentence will start, "meet the

16  requirements of the Rules of Evidence."

17          MR. CHONTOS:  No.  That phrase, "meet the

18  requirements," gets combined with the single phrase, "the

19  exhibits."

20          THE COURT:  You want the words, "the exhibits then

21  meet?"

22          MR. CHONTOS:  Judge, my first sentence in that

23  would read as follows:  The exhibits meet the requirements of

24  the Rules of Evidence and, therefore, have been admitted for

25  your consideration.

1              THE COURT:  So you are asking that "this means that

2      these exhibits" gets deleted and in its place you want the

3      words, "the exhibits?"

4              MR. CHONTOS:  Judge, could I show you?  I think

5      that might help.

6              THE COURT:  Again, you are confusing me.  How about

7      this:  The exhibits meet the requirements of the Rules of

8      Evidence and, therefore, have been admitted for your

9      consideration.

10             MR. CHONTOS:  Judge, that's what I have been

11     saying.

12             Then I believe the second sentence in my proposal

13     would then just say:  Any inference or conclusion you draw

14     from any exhibit is within your power as the fact-finder.

15             THE COURT:  Any objection to those changes?

16             MS. BLOCH:  Say it one more time, please.

17             MR. CHONTOS:  Sure.  Any inference or conclusion

18     that you draw from any exhibit is within your power as the

19     fact-finder.

20             MS. BLOCH:  No objection.

21             THE COURT:  Let me read the whole thing to you in a

22     moment.  The paragraph beginning with "exhibits" at the top of

23     Page 8 will read:  The exhibits meet the requirements of the

24     Rules of Evidence and, therefore, have been admitted for your

25     consideration.  Any inference or conclusion that you draw from

1    any exhibit is within your power as a fact-finder.

2              Is that correct?

3              MR. CHONTOS:  That's acceptable.

4              THE COURT:  Agreed?

5              MS. BLOCH:  That's acceptable.

6              THE COURT:  Next page, please.

7              MR. CHONTOS:  Page 13, the very last line.  That's

8    the first reference to the phrase, "impeached."  I just don't

9    think that it's appropriate.  Otherwise, if we keep it, we

10   need to inform the jury what does impeach mean.

11             THE COURT:  Again, it would be helpful to me if you

12   would suggest exactly what you want either deleted or added,

13   then we will know specifically what you have in mind, please.

14             MR. CHONTOS:  Judge, I gave my reasons and now I

15   was going to transition to what my suggestion is.  For that

16   sentence I would just say:  You are not required to accept

17   testimony even if the testimony was not contradicted, period.

18             THE COURT:  So you would like to delete the words

19   "and the witness was not impeached."

20             MR. CHONTOS:  Correct.

21             THE COURT:  Any objection on behalf of the

22   Government?

23             MS. BLOCH:  No objection.

24             THE COURT:  Thank you.

25             MR. CHONTOS:  Judge, please, 14.

1          THE COURT:  Please.

2          MR. CHONTOS:  The first indented paragraph begins:

3   In deciding what to believe.

4          We had child witnesses testify.  There is no

5   separate instruction on child witnesses.  So I think after

6   reviewing the Third Circuit's suggestion just include this

7   phrase, separated by commas, "in deciding what to believe,

8   comma, including the child witnesses who testified, comma,"

9   then leave it alone.

10          THE COURT:  Any objection?

11          MS. BLOCH:  Yes, I do object to that.  I think that

12   there's no reason to be drawing any particular attention to

13   the children versus other witnesses at this stage.

14          MR. CHONTOS:  Well --

15          MS. BLOCH:  What is your basis for drawing

16   attention to that?

17          MR. CHONTOS:  Well, one, it's part of the Third

18   Circuit standard instructions.

19          MS. BLOCH:  About children?

20          MR. CHONTOS:  That's my source, yes.

21          THE COURT:  Well, I mean, where is that in the

22   proposed instructions that you previously filed?  We all knew

23   children were probably going to testify, so, I mean, was that

24   in one of your earlier drafts to me?

25          MR. CHONTOS:  No.  But, Judge --

1          THE COURT:  You are saying there is Third Circuit

2  language as to children witnesses?

3          MR. CHONTOS:  Sure, absolutely.  If you go to

4  Chapter 4, final instructions, consideration of particular

5  kinds of evidence, 4.17 is labeled child witness.  I have used

6  it in the sense that, I mean, you could, just like law

7  enforcement is a witness, that is a whole separate

8  instruction.

9          But what I have done, based on the comments to

10  that, and there is some case law that is suggested, including

11  my prepositional phrase, would suffice.  So I think I have

12  appeased the Government not having a separate instruction like

13  the law enforcement separate instruction with the child

14  witness, just within.

15          MS. BLOCH:  Your Honor, does Mr. Chontos have a

16  copy of this proposed model jury instruction?

17          MR. CHONTOS:  Judge, that's about 150 pages.

18          THE COURT:  Well, that's why we have people meet

19  weeks ahead of time, come up with an agreement or

20  disagreements, then I rule ahead of time instead of, you know,

21  at the last minute when we have a jury sitting back there,

22  which is not courteous to our fellow citizens.

23          So you are suggesting to add the words, "including

24  any child witness," in the first sentence where it says, "in

25  deciding what to believe, including any child witness, you may

1  consider."

2          MR. CHONTOS:  Any child witness who testified.

3          THE COURT:  So there is child witnesses -- okay.

4  It seems duplicative, but --

5          MS. BLOCH:  I would agree with the Court's reading

6  not "who testified," because that's readily apparent that

7  that's what he is speaking about.  You have already

8  indicated --

9          THE COURT:  I will add the words, "including any

10 child witness," since I believe "who testified" is

11 duplicative, so I will not add that.

12          Next, please.

13          MR. CHONTOS:  Judge, Page 16, not required to

14 accept uncontradicted testimony.  Again, it's consistent with

15 my position earlier, the end of the first sentence, I would

16 propose this being eliminated --

17          THE COURT:  You are suggesting that on Page 16

18 under the section called not required to accept uncontradicted

19 testimony, that in the first sentence we delete the words "and

20 the witness is not impeached?"

21          MR. CHONTOS:  Correct.

22          THE COURT:  Any objection?

23          MS. BLOCH:  No objection.

24          THE COURT:  Next, please.

25          MR. CHONTOS:  Same page, Judge, number of witnesses

1    not important.  In the first sentence there's the word

2    "necessarily."  I believe that should be eliminated because it

3    implies that with the right number of witnesses that might

4    push the weight meter toward one party's view of the evidence

5    more than the other.

6                THE COURT:  I overrule that objection.

7                MR. CHONTOS:  Judge, Page 17, not all evidence, not

8    all witnesses needed.  Second paragraph that begins, "in this

9    case."

10               THE COURT:  Yes.

11               MR. CHONTOS:  My proposed read of the first

12   sentence would be:  In this case the Defendant, Earl Warner,

13   presented evidence through various witnesses.

14               THE COURT:  Any objection?

15               MS. BLOCH:  No objection.

16               THE COURT:  It will be admitted without

17   objection -- or changed without objection.

18               Next, please.

19               MR. CHONTOS:  Judge, let's stay there.  The

20   beginning of that very next sentence, in its present

21   incarnation it says "Mr. Warner."  I believe it should begin,

22   "just like the Government, comma, Mr. Warner," and keep the

23   present language.

24               THE COURT:  Any objection?

25               MS. BLOCH:  Yes, I do object.  I think that the

 1  instructions as presently written already impose sufficient --

 2  present sufficient information and impose a sufficient burden

 3  on the Government.

 4          THE COURT:  I will overrule the suggestion from

 5  defense counsel.  I think it's clear up above what -- the

 6  paragraph before that speaks about the Government.  The next

 7  paragraph speaks about the Defendant.  So it's all covered at

 8  one time and I don't think that phrase is necessary or

 9  helpful.

10          Next, please.

11          MR. CHONTOS:  Judge, credibility of witnesses,

12  Page 19.  This is the separate law enforcement charge.  Again,

13  it has that phrase or that word, "necessarily."  Same

14  objection.

15          THE COURT:  Overruled.

16          MR. CHONTOS:  Judge, Page 20.

17          THE COURT:  Please.

18          MR. CHONTOS:  At the end of the first full

19  paragraph, that paragraph begins, "the presumption of

20  innocence."  Here's my suggested language addition.  It really

21  comes right after the phrase, "throughout the trial," and you

22  have a period.  I would include a comma so it reads, "the

23  Government throughout the trial, including right now, period."

24  Even though the evidence has been presented and closing

25  arguments have been held, he is still presumed innocent.  That

 1    presumption stays with him unless and until you find him

 2    guilty.

 3              MS. BLOCH:  I am sorry, I am not in the right

 4    paragraph.  I don't know where you are.  So you are just

 5    adding --

 6              THE COURT:  I overrule that objection.

 7              Next, please.  I am going to ask the deputy clerk,

 8    would you go back to the jury and apologize to them and tell

 9    them we will get to them as soon as we can, please.  Thank

10    you.

11              MR. CHONTOS:  Judge, Page 23 at the top, this is

12    the venue charge.

13              THE COURT:  Please.

14              MR. CHONTOS:  That first line up there, it is

15    really just, I suggest, an insertion of the word "venue" right

16    after the phrase, "this fact, venue, only has to be proved by

17    a preponderance of the evidence."

18              THE COURT:  What about just adding, in place of

19    "this fact," instead of "this fact," we just put, "venue

20    only."

21              MR. CHONTOS:  Great.

22              THE COURT:  Any objection?

23              MS. BLOCH:  That's fine.  No objection.

24              THE COURT:  So we are replacing "this fact," first

25    line, Page 23, with the word "venue."

1              Next, please.

2              MR. CHONTOS:  Judge, Page 24.  This is repetitive

3    of what we chatted about at document 91, the jointly proposed

4    jury charge.  At the very bottom, single Defendant charged

5    with multiple offenses, the last paragraph, it reads:  Your

6    decision on one offense, whether guilty or not guilty, should

7    not.  That's discretionary language.  It gives them wiggle

8    room.  My position is that should read, "must not influence

9    your decision."

10             THE COURT:  Any objection?

11             MS. BLOCH:  No objection.

12             THE COURT:  The change will be made without

13   objection.  The word "should" will be substituted with the

14   word "must."

15             MR. CHONTOS:  Judge, in the very next sentence,

16   "each offense should be considered separately," same, my

17   recommendation is that "must" should substitute for that word

18   "should."

19             THE COURT:  Any objection?

20             MS. BLOCH:  No objection.

21             THE COURT:  So at the two sentences at the bottom

22   of Page 24 of Document No. 135, the word "should" in two

23   places will be substituted with the word "must."

24             MR. CHONTOS:  Thank you.  Judge, Page 30.

25             THE COURT:  Please.

1          MR. CHONTOS:  And we flushed this out earlier, so I

2     would rehash my earlier objection.  "The Government is not

3     required to prove that Earl Warner knew his acts were against

4     the law."  I don't have anything new, I just incorporate and

5     rest on my earlier objection to that sentence.

6          THE COURT:  And I overrule that objection.

7          MR. CHONTOS:  Judge, the very next part on that

8     same Page 30, sexually explicit conduct.

9          THE COURT:  Please.

10          MR. CHONTOS:  We did touch upon it earlier.  We did

11     shrink that definition.  Now that the evidence is all in, I

12     still don't believe that actual or simulated masturbation was

13     part of this case.  So my suggestion would be to eliminate

14     that and just leave it as "lascivious exhibition of the

15     genitals or pubic area of any person."

16          MS. BLOCH:  The Government objects as it did

17     earlier.  I think that the term "masturbation" includes the

18     images where he is touching the girls.

19          THE COURT:  I overrule the defense objection as I

20     did previously, but we did, as I said, as defense counsel

21     accurately says, shrink down the items of conduct included

22     within that definition.

23          MR. CHONTOS:  Judge, Page 31, the next to the last

24     full paragraph that begins, "as to this last factor."

25          THE COURT:  Please.

1          MR. CHONTOS:  It is the second sentence that reads:

2     I instruct that you may consider whether the visual depictions

3     would appeal to persons who are sexually attracted to persons

4     of similar age to the person depicted.

5          Judge, what we are asking this jury -- it should be

6     eliminated because what we are asking this jury to do is look

7     at this photo and to see if it would be a turn-on to those

8     people who are sexually attracted to it.  It requires them to

9     have a knowledge base of what people who are sexually

10    attracted to these photos, whether this one will satisfy that

11    dataset, that collective wisdom.

12          THE COURT:  Any objection to deleting the sentence

13    at the bottom of Page 31 which begins, "I instruct that?"

14          MS. BLOCH:  I actually think Mr. Chontos is reading

15    it incorrectly.  I think what the particular sentence is,

16    whether the Court intends to include it or not, it is actually

17    saying:  Would this appeal to someone who was of the same age

18    as the person depicted.  It is not actually addressing --

19          THE COURT:  Any objection to deleting the sentence?

20          MS. BLOCH:  No objection.

21          THE COURT:  The sentence in the next to last

22    paragraph on Page 31 which begins with the words "I instruct"

23    will be deleted.

24          Yes, sir.

25          MR. CHONTOS:  Judge, Page 33, interstate/foreign

1  commerce.  The last sentence there, "the law does not require

2  that," we hashed that out earlier.  I would just renew my

3  objections.  The Government's push-back is Sheldon, the Ninth

4  Circuit case.  I understand that.  It is supportive of their

5  request.  We think Sheldon is, you know, wrongly decided, so

6  we object to that sentence.

7           THE COURT:  I overrule your objection to the last

8  sentence on Page 33 of document 135.

9           MR. CHONTOS:  Judge, I really have just two more.

10  One is, I mean, 404(b) evidence came in, but we don't have a

11  charge as to how they should compartmentalize that.  Then,

12  secondarily, we don't have a charge on character.  I have

13  proposed language on character.  404(b) we could do as the

14  standard charge.

15           THE COURT:  The standard charge from the Third

16  Circuit, correct?

17           MR. CHONTOS:  Absolutely.  Judge, I also think that

18  there should be some reference from you as to, in their

19  exhibit binder, what is that 404(b).

20           THE COURT:  I don't understand that.

21           MS. BLOCH:  Before we go further, Your Honor, if I

22  may please object.  First of all, we don't have 404(b)

23  evidence here because the Court made a pretrial ruling that

24  the evidence of images that were not within the confines of

25  any particular count were deemed to be intrinsic evidence and

1    not 404(b).  So we would not have an instruction on 404(b) in

2    this case.

3              THE COURT:  I will rule that I will not give a

4    charge for Defendant's uncharged bad acts or crimes pursuant

5    to Federal Rule of Evidence 404(b).

6              Your second point, please.

7              MR. CHONTOS:  Judge, we had two character

8    witnesses.  Here is my proposed jury charge.

9              THE COURT:  Is there a Third Circuit one that's

10   applicable?

11             MR. CHONTOS:  There is.  Here's, just being honest

12   with the Court --

13             THE COURT:  Do you have it written out or typed

14   out?

15             MR. CHONTOS:  Handwritten, but my printing is very

16   good.

17             THE COURT:  Do you want to read it, please.

18             MR. CHONTOS:  Sure.  "You heard evidence from the

19   defense that Earl Warner is a person of good character.  I am

20   speaking of the defense witnesses who expressed their opinion

21   that Earl Warner was truthful and honest.  The law recognizes

22   that a person of good character is not likely to commit a

23   crime that is contrary to that person's nature.  Evidence of

24   good character made by itself raises a reasonable doubt of

25   guilt.  You should consider this evidence together with and in

1  the same way as all the other evidence in this case in

2  deciding whether the Government has proved the charges beyond

3  a reasonable doubt."

4         THE COURT:  Did you have a suggested charge back in

5  I believe document 91 dealing with character?

6         MR. CHONTOS:  Did not.

7         THE COURT:  Do you have the Third Circuit language?

8         MR. CHONTOS:  Judge, I am looking at my little

9  cheat sheet to help find it.  Yeah, it's at 439.  Chapter 4,

10 consideration of particular kinds of evidence, 439.

11        THE COURT:  I am going to print that out.  I think

12 your language is certainly unbalanced.  I don't mean you are

13 unbalanced, I just mean that --

14        MS. BLOCH:  It sounds like a closing argument to

15 the Government.

16        THE COURT:  Yes, it's much more like a closing

17 argument.  Let me get the Third Circuit language up, please.

18 Third Circuit says:  The Defendant's character evidence you

19 have heard, evidence about whether the Defendant has a

20 character trait for -- then it suggests truthfulness,

21 peacefulness, honesty, law-abiding.  Which character trait did

22 you believe that evidence related to?

23        MR. CHONTOS:  Truthful and honest.

24        THE COURT:  Truthful and what?

25        MR. CHONTOS:  Truthfulness and honesty.

1            MS. BLOCH:  I would disagree, Your Honor.  I think

2     at least in part the second character witness that was called

3     to testify was more in the like of testimony of being a good

4     person, being helpful and assisting.  It didn't go to his

5     truth or veracity.

6            The first witness, I am trying to remember exactly

7     what she said, but -- does the Court recall what she spoke to?

8     Did she say her -- I apologize.

9            THE COURT:  We will add that paragraph.  Where did

10    you want that added, sir, please?

11           MR. CHONTOS:  Judge, wherever the Court deems it to

12    be appropriate.  That would be fine.

13           THE COURT:  So the language is:  "You have heard

14    evidence about whether the Defendant has a character trait for

15    helpfulness, truthfulness, and/or honesty.  You should

16    consider this character evidence together with and in the same

17    way as all the other evidence in the case in deciding whether

18    the Government has proved the charges beyond a reasonable

19    doubt."

20           MR. CHONTOS:  Judge, while I am appreciative of the

21    Court reading that, what the Court has not given me is the

22    following language:  "Evidence of good character may by itself

23    raise a reasonable doubt of guilt."  The comments to the Third

24    Circuit charge, Judge, address that and there is some

25    differing opinion right within our circuit on that.

1          THE COURT:  I read that in the comment and I will

2    not include that in the charge.

3          All right.  Any others, sir?

4          MR. CHONTOS:  No, Judge, I am done.  I really just

5    have a question.  Now that we have gone through our jury

6    instruction, am I going to have to, before the jury leaves

7    when you are all done with the charge, just approach at

8    sidebar and set forth, hey, all my objections are remade?

9          THE COURT:  You don't need to do that for me.  If

10   you -- I think the objections are clear.  If you feel you need

11   to do that for the record, then you should do whatever you

12   need to do.  But you certainly don't need to do that for me.

13   I have done everything I can to make sure that there's a good

14   record, hopefully, of what your requests were and my rulings

15   thereon.

16         MR. CHONTOS:  What I will do then, Judge, while

17   they are there, I will just stay at the table and say, Judge,

18   I am going to renew the earlier objections that I made

19   regarding the jury charge.

20         THE COURT:  Fine.

21         MR. CHONTOS:  Thank you.

22         MS. BLOCH:  Your Honor, if I may, just for a

23   moment.  One thing that I am searching for now that eluded me

24   when I reviewed this was the cautionary instruction that we

25   went through great discussion, and Mr. Warner himself

1    articulated that he did want as part of the final instruction

2    the Judge's proposed --

3         THE COURT:  That's Roman numeral 3 of the

4    cautionary instruction.

5         MS. BLOCH:  I am sorry.

6         MR. CHONTOS:  It is in there.

7         MS. BLOCH:  I kept going back through to make sure

8    I found it because I thought it was and when I couldn't find

9    it, I didn't want to --

10         THE COURT:  It's Roman numeral 3 in our Document

11    No. 91.

12         MS. BLOCH:  I didn't see it embodied in this

13    particular document, so I was concerned.

14         THE COURT:  We need to make obviously these

15    corrections and reprint the 14 sets of jury instructions.

16         MR. CHONTOS:  Judge, while that's going on, could

17    Mr. Warner be brought up just to shrink up that time?

18         THE COURT:  Not yet because I have got to review

19    these changes first.

20         On Page 11, you wanted the paragraph about evidence

21    admitted for a limited purpose eliminated?

22         MR. CHONTOS:  Judge, your Page 11 I don't think is

23    squaring up with mine.  How about the title?

24         THE COURT:  Evidence admitted for a limited

25    purpose.

1          MS. BLOCH:  It is on Page 11.

2          THE COURT:  Did you want that eliminated?

3          MR. CHONTOS:  Correct, because it just wasn't part

4    of the case.

5          THE COURT:  I think we have all of your changes.

6    If when we start reading through if I am incorrect about

7    something, don't hesitate to interrupt me, that's certainly

8    proper.

9          MR. CHONTOS:  Judge, the Page 11, evidence admitted

10   for a limited purpose, I really raise that on Page 7, so is it

11   eliminated on the top of Page 7?  There was like one sentence.

12   What I am looking at is, "or exhibit like any other, period.

13   When I allowed evidence -- testimony or exhibits -- for a

14   limited purpose only, I instructed you to consider that

15   evidence only for that limited, and you must do that."  That

16   is at the top of Page 7.

17         MS. BLOCH:  For the record, Your Honor, I believe

18   you in fact had embodied it in the document filed at 131 as

19   well.

20         THE COURT:  The final jury instructions are

21   Document No. 139, so we now have to go make the copies.

22   Again, if I misread or do not clearly state one of your

23   corrections or changes that I agreed to, just stop me during

24   the closing and -- during the reading of the final jury

25   instructions and I will make the change.

1          MS. BLOCH:  Your Honor, would it be inappropriate,

2    I just have one request with regard to the evidence for

3    purposes of going back into the jury room.

4          THE COURT:  Sure.

5          MS. BLOCH:  The only thing that I was going to

6    request that the jurors have back with them, in addition to

7    the binder with the images, not the CD images obviously, but I

8    just ask that Exhibit No. 18.1, which is the Steeler dress,

9    and image No. 12.1 through 12.3, which is the camera with the

10   memory card removed --

11         THE COURT:  Any objection?

12         MS. BLOCH:  Wait, one more.  And Exhibit No. 25,

13   which is the separate calendar, and it's just that in the

14   binders it's kind of buried inside and I ask -- they have all

15   been admitted.

16         THE COURT:  Any objection?

17         MR. CHONTOS:  No, Judge.

18         THE COURT:  They may go back to the jury room in

19   light of no objection.

20         MS. BLOCH:  Thank you.

21         THE COURT:  The final jury instructions will be

22   Document No. 140 on the docket -- that's the verdict form.  So

23   the final verdict form will be Document No. 140.

24         MR. CHONTOS:  Judge, on the verdict form, is there

25   any significant difference between 140 and document 90, which

1    90 is the proposed verdict form?

2          THE COURT:  No.

3          MR. CHONTOS:  Judge, my issue with 140, the verdict

4    form, is you tell them in your instruction that, as to

5    Counts 1 through 6, they need to be unanimous in which image

6    satisfies that count.  That verdict form, as I am looking at

7    it, doesn't give them that ability to identify image 1.12A or

8    something along those lines.

9          THE COURT:  I think we have discussed that before.

10         MR. CHONTOS:  We have.

11         THE COURT:  So I overrule that objection.  I don't

12   believe that they need to put that on the verdict form.  I

13   think it's sufficient that the instructions adequately cover

14   that issue, which it does.

15         We will stand in recess and you can go to the rest

16   rooms or whatever you want to do and I will get the Defendant

17   up here as soon as the copies are made.

18         MS. BLOCH:  Thank you, Your Honor.

19         THE COURT:  Thank you again.

20      (Recess taken.)

21      (After recess; on record in open court.)

22         THE COURT:  We are currently in open court for the

23   final jury instructions.  I would ask counsel for the

24   Government to enter your appearance, please.

25         MS. BLOCH:  On behalf of the United States, Carolyn

1    Bloch.

2              THE COURT:  On behalf of the Defendant?

3              MR. CHONTOS:  Your Honor, David Chontos on behalf

4    of Mr. Warner.

5              THE COURT:  The Defendant is with us, is that

6    correct?

7              MR. CHONTOS:  He is seated right to my left.

8              THE COURT:  Thank you.

9              Ladies and gentlemen, I apologize for your coming

10   in early and us not getting to you for an hour late, so again

11   my apologies in that regard.

12             The following are the final jury instructions.  You

13   have a copy of those in front of you.  You may listen, read

14   along, or both.

15             Now that you have heard the evidence and the

16   arguments, it is my duty to instruct you on the law.  We have

17   given you copies of the special verdict form on which you will

18   answer specific questions.  I ask you to take a few moments to

19   read the verdict form because the instructions I will give you

20   will help you answer those questions.  So if you would please

21   look at the jury form, and they are the questions that you

22   will have to answer during your deliberation.  My instructions

23   are to help guide you in that process.

24             When you retire to the jury room to deliberate you

25   may take these instructions with you, along with your notes,

1    the exhibits that the Court has admitted into evidence, and

2    the verdict form.

3           You should select one of your number, one member of

4    the jury as your foreperson.  That person will preside over

5    your deliberations and speak for you here in open court.

6           You have two main duties as jurors.  The first one

7    is to decide what the facts are from the evidence you saw and

8    heard here in court.  Deciding what the facts are is your job,

9    not mine, and nothing I have said or done during this trial is

10   meant to influence your decision about the facts in any way.

11          Your second duty is to take the law that I give

12   you, apply it to the facts, and decide if, under the

13   appropriate burden of proof, the parties have established

14   their claims.  In other words, it is your duty to determine

15   from the evidence what actually happened in this case,

16   applying the law as I now explain it.

17          It is my job to instruct you about the law and you

18   are bound by the oath that you took at the beginning of the

19   trial to follow the instructions that I give you, even if you

20   personally disagree with them.  This includes the instructions

21   that I gave you before and during the trial and these

22   instructions.

23          All instructions are important and you should

24   consider them together as a whole.  Do not disregard or give

25   special attention to any one instruction.  Do not question the

1    wisdom of any rule of law or rule of evidence I state.   In

2    other words, do not substitute your notion or opinion as to

3    what the law is or ought to be.   Performing these duties

4    fairly -- perform these duties fairly.   Do not let any bias,

5    sympathy, or prejudice that you may feel towards one side or

6    the other influence your decision in any way.

7                 As jurors, you have the duty to consult with each

8    other and to deliberate with the intent of reaching a verdict.

9    Each of you must decide the case for yourself, but only after

10   a full and impartial consideration of all the evidence with

11   your fellow jurors.

12                Listen to each other carefully.   In the course of

13   your deliberations you should feel free to reexamine your own

14   views and change your opinion based on the evidence, but you

15   should not give up your honest conviction about the evidence

16   just because of the opinion of your fellow jurors.   You should

17   not change your mind just for the purpose of obtaining enough

18   votes for a verdict.

19                When you start deliberating, do not talk to the

20   jury officers, me, or to anyone else but each other about the

21   case.   During your deliberations you must not communicate

22   with, provide any information to anyone by means -- by any

23   means about this case.   You may not use any electronic device

24   or media such as a cell phone, smartphone, like BlackBerrys,

25   Droids, iPhones, or computer of any kind, the Internet, any

1    Internet service, or any text or instant messaging service,

2    such as Twitter, or any Internet chat room, blog, website, or

3    social networking service, such as Facebook, Twitter, MySpace,

4    LinkedIn, or YouTube to communicate to anyone any information

5    about the case or to conduct any research about the case until

6    I accept your verdict.

7            If you have any questions or messages for me, you

8    must write them down on a piece of paper, have the foreman

9    sign them -- foreperson sign them, and give them to the jury

10   officer.  The officer will give them to me and I will respond

11   as soon as I can.  I may have to talk to the lawyers about

12   what you have asked, so it may take some time to get back to

13   you.

14           One important thing about messages.  Never write

15   down or tell anyone how you stand on your votes.  For example,

16   do not write down or tell anyone that a certain number is

17   voting one way or other.  Your vote should stay secret until

18   you are finished.

19           Your verdict must represent the considered judgment

20   of each juror.  In order for you as a jury to return a

21   verdict, each juror must agree to the verdict.  Your verdict

22   must be unanimous.

23           A verdict form has been prepared for you.  It has a

24   series of questions for you to answer.  You will take this

25   form to the jury room.  And when you have reached unanimous

1    agreement as to your verdict, you will fill it in, have the

2    foreperson sign and date the form, and you will see on the

3    form there is also a place for each of you to sign, each juror

4    must sign the form.  You will then return to court and the

5    foreperson will give your verdict.  Unless I instruct you

6    otherwise, do not reveal your answers until you are

7    discharged.

8         After you have reached a verdict you are not

9    required to talk to anyone about the case unless I order you

10   to do so.

11        Once again, I remind you that there's nothing about

12   my instructions and nothing about the form of verdict that is

13   intended to suggest or convey in any way or manner what I

14   think the verdict should be.  It is your sole and exclusive

15   duty and responsibility to determine the verdict.

16        Now we are going to talk about evidence.  The

17   evidence in this case consists of the testimony of witnesses,

18   documents and other physical items, if any, received as

19   exhibits, and any facts stipulated by the parties.  The

20   evidence from which you are to find the facts consists of the

21   following:

22        One, the testimony of the witnesses and documents

23   and other things received as exhibits.

24        The following things are not evidence:

25        One, the superseding indictment.

1          Two, statements, arguments, questions, and comments

2    by the lawyers are not evidence.

3          Three, likewise, objections are not evidence.  As I

4    told you in my preliminary instructions, the Rules of Evidence

5    control what can be -- what can be received into evidence.

6    During the trial the lawyers objected when they thought that

7    the evidence that was offered was not permitted under the

8    Rules of Evidence.  These objections simply meant that the

9    lawyers were asking me to decide whether the evidence should

10   be allowed under the rules.

11         You should not be influenced by the fact that an

12   objection was made.  You should also not be influenced by my

13   rulings on the objection or any sidebar conferences you may

14   have overheard.

15         When I overruled an objection, the question was

16   answered or the exhibit was received into evidence, and you

17   should treat that testimony or exhibit like any other.

18         When I sustain an objection, the question -- when I

19   sustained an objection, the question was not answered or the

20   exhibit was not received into evidence.  You must disregard

21   the question or the exhibit entirely.  Do not think about or

22   question what the witness might have said in answer to the

23   question and do not think or guess what the exhibit might have

24   shown.

25         Sometimes the witness may already have answered

1   before a lawyer objected or before I ruled on the objection.

2   If that happened and if I sustained the objection, you must

3   disregard the answer that was given.

4            Four, the testimony that I ordered stricken from

5   the record or told you to disregard is not evidence and you

6   must not consider any such matter.

7            Five, anything you saw or heard about this case

8   outside the courtroom is not evidence.  You must decide the

9   case only on the evidence presented here in the courtroom.  Do

10  not let rumor, suspicion, or anything else that you may see or

11  hear outside the court influence your decision in any way.

12  Also, do not assume from anything that I have done or said

13  during the trial that I have any opinion about any of the

14  issues in the case or about what your verdict should be.

15           The exhibits meet the standards of the Rules of

16  Evidence and, therefore, have been admitted for your

17  consideration.  Any inference or conclusion that you draw from

18  any exhibit is within your power as a fact-finder.

19           You should use your common sense in weighing the

20  evidence.  Consider it in the light of your everyday

21  experience with people and events and give it whatever weight

22  you believe it deserves.  If your experience and common sense

23  tells you that certain evidence reasonably leads to a

24  conclusion, you may reach that conclusion.

25           Two types of evidence may be used in a trial:

1  Direct and circumstantial, or indirect, evidence.  You may use

2  both types of evidence in reaching your verdict.

3       Direct evidence is simply evidence which, if

4  believed, directly proves a fact.  An example of direct

5  evidence occurs when a witness testifies about something the

6  witness knows from his or her own senses, something that the

7  witness has seen, touched, heard, or smelled.

8       Circumstantial evidence is evidence which, if

9  believed, indirectly proves a fact.  It is evidence that

10  proves one or more facts from which you could reasonably find

11  or infer the existence of some other fact or facts.

12       A reasonable inference is simply a deduction or

13  conclusion that reason, experience, and common sense leads you

14  to make from the evidence.  A reasonable inference is not a

15  suspicion or a guess.  It is a reasoned, logical decision to

16  find that a disputed fact exists based on another fact.

17       For example, if someone walked into the courtroom

18  wearing a wet raincoat and carrying a wet umbrella, that would

19  be circumstantial, indirect evidence from which you could

20  reasonably find or conclude it was raining.  You would not

21  have to find it was raining, but you could.

22       Sometimes different inferences may be drawn from

23  the same set of facts.  The Government may ask you to draw one

24  inference and the defense may ask you to draw another.  You

25  and you alone must decide what reasonable inferences you will

36

1   draw based upon all the evidence and your reason, experience,
2   and common sense.
3          You should consider all the evidence that's
4   presented in this trial, direct and circumstantial.  The law
5   makes no distinction between the weight that you would give to
6   either direct or circumstantial evidence.  It is for you to
7   decide how much weight to give evidence.
8          You may not allow sympathy or personal feelings to
9   influence your determination.  Your duty is to decide the case
10  solely on the basis of the evidence or lack of evidence and
11  the law as I instruct you without bias, prejudice, or sympathy
12  for or against the parties or their counsel.
13         Both the parties and the public expect that you
14  will carefully and impartially consider all the evidence in
15  the case, follow the law as stated by the Court, and reach a
16  just verdict regardless of the consequences.
17         You have been shown certain images that have been
18  admitted into evidence.  These images were shown only to
19  assist you in determining whether the Government has met its
20  burden of proof -- its burden to prove the Defendant guilty of
21  all of the elements of the charges against him.
22         You should not allow any feelings you may have
23  regarding these images to affect this determination in any
24  manner.  You should consider these images in the same
25  unbiased, impartial way as you would any other piece of

1    evidence offered by either side in the case.

2            Your juror notes are not evidence in the case and

3    you must -- they must not take precedence over your own

4    independent recollection of the evidence.  Notes are only an

5    aid to your recollection and are not entitled to greater

6    weight than the recollection of what the evidence actually is.

7    You should not disclose any notes you have taken to anyone

8    other than a fellow juror.

9            You were not obligated to take totes.  If you did

10   not take notes, you should not be influenced by the notes of

11   another juror, but instead rely upon your own recollection of

12   the evidence.

13           I am now going speak about credibility or

14   believability of witnesses and weight of testimony in general.

15   You must consider all the evidence.  This does not mean you

16   must accept all the evidence as true or accurate.  You are the

17   sole judges of the credibility or believability of the

18   witnesses and the weight their testimony deserves.  You may be

19   guided by the appearance and conduct of the witness, by the

20   manner in which the witness testifies, by the character of the

21   testimony given, and by evidence or testimony to the contrary.

22           You should carefully scrutinize all the testimony

23   given, the circumstances under which each witness has

24   testified, and every matter in evidence which tends to show

25   whether a witness is worthy of belief.

1          Consider each witness' intelligence, motive, state

2   of mind, and demeanor or manner while on the stand.

3          Consider the witness' ability to observe the

4   matters to which he or she has testified and whether he or she

5   impresses you as having an accurate recollection of these

6   matters.

7          Consider any business, personal, or other

8   relationship a witness may have with either side of the case,

9   the manner in which each witness might be affected by the

10  verdict, and the extent to which, if at all, the witness is

11  either supported or contradicted by other evidence in the

12  case.

13         As I stated in my preliminary instructions at the

14  beginning of the trial, in deciding what the facts are, you

15  must decide what testimony you believe and what testimony you

16  do not believe.  You are the sole judges of the credibility or

17  believability of the witnesses.

18         Credibility refers to whether a witness is worthy

19  of belief.  Was the witness truthful?  Was the witness'

20  testimony accurate?  You may believe everything a witness says

21  or part of it or none of it.

22         You may decide whether to believe a witness based

23  on his or her behavior and manner of testifying, the

24  explanation the witness gave, and all the other evidence in

25  the case, just as you would in any important matter where you

1  are trying to decide if a person is truthful, straightforward,

2  and accurate in his or her recollection.  In deciding the

3  question of credibility, remember to use your common sense,

4  your good judgment, and your experience.

5  You are not required to accept testimony even if

6  the testimony is not contradicted.  You may decide that a

7  witness is not worthy of belief because of the witness'

8  bearing and demeanor or because of the inherent improbability

9  of the testimony, or for any other reason that -- reasons that

10  are sufficient to you.

11  In deciding what to believe, including any child

12  witness, you may consider a number of factors:

13  One, the opportunity and ability of the witness to

14  see or hear or know the things about which the witness

15  testifies.

16  Two, the quality of the witness' knowledge,

17  understanding, and memory.

18  Three, the witness' appearance, behavior, and

19  manner while testifying.

20  Four, whether the witness has an interest in the

21  outcome of the case or any motive, bias, or prejudice.

22  Five, any relationship the witness may have with

23  the party in the case and any effect the verdict may have on

24  the witness.

25  Six, whether the witness said or wrote anything

1    before trial that was different from the witness' testimony in

2    court.

3            Seven, whether the witness' testimony was

4    consistent or inconsistent with the evidence that you believe.

5            And, eight, any other factor that bears on whether

6    the witness should be believed.

7            After you have made your own judgment about the

8    believability of a witness, you can then attach to the

9    witness' testimony the importance or weight that you think it

10   deserves.

11           Inconsistencies or discrepancies in a witness'

12   testimony or between the testimony of different witnesses may

13   or may not cause you to disbelieve a witness' testimony.  Two

14   or more persons witnessing an event may simply see or hear it

15   differently.  Mistaken recollection, like the failure to

16   recall, is a common human experience.  In weighing the effect

17   of a discrepancy, always consider whether it pertains to a

18   matter of importance or an unimportant detail.  You should

19   also consider whether the inconsistency was innocent or

20   intentional.

21           If you find a witness has lied to you in any

22   material portion of his or her testimony, you may disregard

23   the witness' testimony in its entirety.  I say that you may

24   disregard such testimony, not that you must.  However, you

25   should consider whether the untrue part of the testimony was a

1    result of a mistake or inadvertence or was, rather, willful

2    and stated with a design or intent to deceive.

3              Again, after making your own judgment, give the

4    testimony of each witness the weight you think it deserves.

5    You may, in short, accept or reject the testimony of any

6    witness in whole or in part.

7              You are not required to accept any testimony, even

8    though the testimony is not contradicted.  You may decide

9    because of a witness' bearing or demeanor, because of the

10   inherent improbability of his or her testimony, or for other

11   reasons sufficient to you that such testimony is not worthy of

12   belief.

13             The weight of the evidence to prove a fact does not

14   necessarily depend on the number of witnesses who testified or

15   the quantity of evidence that was presented.  In short, what

16   is important is how believable the witnesses were and how much

17   weight you think their testimony deserves.

18             Although the Government is required to prove the

19   Defendant guilty beyond a reasonable doubt, the Government is

20   not required to present all possible evidence relating to the

21   case or to produce all possible witnesses who might have

22   knowledge about the facts of the case.  In addition, as I have

23   explained, the Defendant is not required to produce any

24   evidence or produce any witnesses.

25             In this case the Defendant, Earl Warner, presented

1   evidence through various witnesses.  Mr. Warner is not

2   required to present all possible evidence relating to the case

3   or to produce all possible witnesses who might have knowledge

4   about some facts of the case.

5          The Rules of Evidence ordinarily do not permit a

6   witness to testify as to their own opinions or their own

7   conclusions about important questions in trial.  An exception

8   to this rule exists as to those witnesses who are described as

9   expert witnesses.  An expert witness is someone who by

10   training, experience, or education may have become

11   knowledgeable in some technical, scientific, or very

12   specialized area.  If such knowledge or experience may be of

13   assistance to you in understanding some of the evidence or in

14   determining a fact, an expert witness in that area may state

15   an opinion as to a matter in which he or she claims to be an

16   expert.

17          You should consider each expert opinion received in

18   evidence in this case and give it such weight as you may think

19   it deserves.

20          You should consider the testimony of an expert

21   witness just as you consider other evidence in the case.  You

22   should decide -- if you decide that the opinion of the expert

23   is not based upon sufficient education or experience or if you

24   should conclude that the reasons given in support of the

25   opinion are not sound or if you should conclude that the

1  opinion is outweighed by other evidence, you may disregard the

2  opinion in part or in its entirety.

3          In weighing this opinion testimony, you may

4  consider the witness' qualifications, their opinions, the

5  reasons for testifying, as well as all the other

6  considerations that ordinarily apply when you are deciding

7  whether or not to believe a witness' testimony.

8          You may give the opinion testimony whatever weight,

9  if any, you find it deserves in light of all the evidence in

10 the case.  You should not, however, accept opinion testimony

11 merely because I allowed the witness to testify concerning his

12 or her opinion.  Nor should you substitute it for your own

13 reason, judgment, and common sense.  The determination of the

14 facts in this case rests solely with you.

15         You have heard the testimony of law enforcement

16 officers.  The fact that a witness is employed as a law

17 enforcement officer does not mean that his testimony

18 necessarily deserves more or less consideration or greater or

19 lesser weight than that of any other witness.  You must decide

20 after reviewing all the evidence whether you believe the

21 testimony of a law enforcement witness and how much weight, if

22 any, it deserves.

23         You have heard reputation and opinion evidence

24 about whether the Defendant has a character trait for

25 honesty -- truthfulness and honesty.  You should consider this

1   character evidence together with and in the same way as all

2   the other evidence in the case in deciding whether the

3   Government has proved the charges beyond a reasonable doubt.

4           Now we are going to speak about the presumption of

5   innocence, the burden of proof, and reasonable doubt.

6           The Defendant, Earl Warner, pled not guilty to the

7   offenses charged.  Mr. Warner is presumed to be innocent.  He

8   starts the trial with a clean slate, with no evidence against

9   him.

10          The presumption of innocence stays with Mr. Warner

11  unless and until the Government has presented evidence that

12  overcomes that presumption by convincing you that Mr. Warner

13  is guilty of an offense charged beyond a reasonable doubt.

14          The presumption of innocence requires that you find

15  Mr. Warner not guilty unless you are satisfied that the

16  Government has proved his guilt beyond a reasonable doubt.

17          The presumption of innocence means that Mr. Warner

18  has no burden or obligation to present any evidence at all or

19  to prove that he's not guilty.  The burden or obligation of

20  proof is on the Government to prove Mr. Warner is guilty, and

21  that burden stays with the Government throughout the trial.

22          In order for you to find Mr. Warner guilty of the

23  offense -- of an offense charged, the Government must convince

24  you that Mr. Warner is guilty beyond a reasonable doubt.  That

25  means the Government must prove each and every element of an

1   offense charged beyond a reasonable doubt.  The Defendant may

2   not be convicted based upon suspicion or conjecture, but only

3   on evidence proving guilt beyond a reasonable doubt.

4          Proof beyond a reasonable doubt does not mean proof

5   beyond all possible doubt or to a mathematical certainty.

6   Possible doubts or doubts based upon conjecture, speculation,

7   or hunch are not reasonable doubts.  A reasonable doubt is a

8   fair doubt based on reason, logic, common sense, or

9   experience.  It is a doubt that an ordinary person has,

10  ordinary reasonable person has after carefully weighing all

11  the evidence and is a doubt of the sort that would cause him

12  or her to hesitate to act in matters of importance in his or

13  her own life.  It may arise from the evidence or from the lack

14  of evidence or from the nature of the evidence.

15         If having heard all the evidence you are convinced

16  the Government has proved each and every element of an offense

17  charged beyond a reasonable doubt, you should return a verdict

18  of guilty for that offense.  However, if you have a reasonable

19  doubt about one or more elements of an offense charged, then

20  you may return a verdict of not guilty -- then you must return

21  a verdict of not guilty of that offense.

22         Now I am going to speak about the indictment.  As

23  you know, the Defendant, Mr. Warner, is charged in a

24  superseding indictment with violating federal law,

25  specifically, six counts of production of material depicting

1    the sexual exploitation of a minor, and one count of

2    possession of material depicting the sexual exploitation of a

3    minor.

4              As I explained at the beginning of the trial, an

5    indictment or in this case a superseding indictment is just

6    the formal way of specifying the exact crimes the Defendant is

7    accused of committing.  A superseding indictment is simply a

8    description of the charges against the Defendant.  It is only

9    an accusation.  A superseding indictment is not evidence of

10   anything and you should not give any weight to the fact that

11   Mr. Warner has been indicted in your decision in this case.

12             You will note that the superseding indictment

13   charges the Defendant was -- that the offense or offenses were

14   committed on or about certain dates.  The Government does not

15   have to prove with certainty the exact dates of the alleged

16   offense.  It is sufficient for the Government to prove beyond

17   a reasonable doubt that the offense was committed on dates

18   reasonably near the dates alleged.

19             The superseding indictment alleges that some of the

20   acts in furtherance of the events charged occurred here in the

21   Western District of Pennsylvania.  There are no requirements

22   that all aspects of the offense charged take place in the

23   Western District of Pennsylvania.  But for you to return a

24   guilty verdict, the Government must convince you that some act

25   in furtherance of the crime took place here in the Western

1   District of Pennsylvania.

2          Unlike all the elements I have described, venue

3   only has to be proved by a preponderance of the evidence.

4   This means that the Government only has to convince you that

5   it is more likely than not that some act in furtherance of the

6   crime charged took place here.

7          Remember, the Government must prove all of the

8   other elements I have described beyond a reasonable doubt.

9          Now I am going to speak about the elements of the

10  offenses charged.  The Defendant is charged in the superseding

11  indictment with committing two different offenses.  Each of

12  these offenses has essential elements.  To find the Defendant

13  guilty of an offense you must all find that the Government

14  proved each element of that offense beyond a reasonable doubt.

15  I will explain the elements of each offense in more detail

16  shortly.

17         The counts in the superseding indictment charge the

18  Defendant with doing certain acts in conjunction -- in the

19  conjunctive by using the word "and."  As used in the

20  superseding indictment, the word "and" is synonymous with the

21  word "or."  Thus, to prove particular elements of a crime that

22  are charged in the conjunctive, the Government need not prove

23  that the Defendant did each of these acts.  It is sufficient

24  if the Government proves beyond a reasonable doubt that the

25  Defendant did any of these alternative acts as charged.

1    Defendant is charged with two offenses.  Each
2    offense is charged as a separate count in the superseding
3    indictment.  The number of offenses charged is not evidence of
4    guilt and this should not influence your decision in any way.
5    You must separately consider the evidence that relates to each
6    offense and you must return a separate verdict for each
7    offense.  For each offense charged you must decide whether the
8    Government has proved beyond a reasonable doubt that the
9    Defendant is guilty of that offense.  Your decision on one
10   offense, whether guilty or not, must not influence your
11   decision on any of the other offenses charged.  Each offense
12   must be considered separately.

13   Counts 1 through 6, production of materials
14   depicting sexually -- the sexual exploitation of a minor.
15   Defendant is charged in Counts 1 through 6 in the superseding
16   indictment with production of materials depicting the sexual
17   exploitation of a minor with respect to specific minors on the
18   following days and times.

19   Count 1 charges the Defendant with production of
20   child pornography on or about June 4, 2011, from at or about
21   6:34 a.m. to at or about 9:21 a.m. as to victim MC.

22   Count 2 charges Defendant with production of child
23   pornography on or about June 8, 2011, from at or about
24   3:09 a.m. to at or about 3:53 a.m. as to victim FW.

25   Count 3 charges the Defendant with production of

1    child pornography on or about June 12, 2011, from at or about

2    9:24 a.m. to at or about 9:49 a.m. as to victim FW.

3           Count 4 charges the Defendant with production of

4    child pornography on or about June 13, 2011, from at or about

5    5:40 a.m. to at or about 5:53 a.m. as to victim HE.

6           Count 5 charges the Defendant with production of

7    child pornography on or about July 13th, 2011, as to FW.

8           Count 6 charges Defendant with production of child

9    pornography on or about July 23rd, 2011, as to FW.

10          Counts 1 through 6 of the superseding indictment

11   charging production of material depicting sexually explicit --

12   sexual exploitation of a minor has three elements:

13          First, at the time of the offense the victim

14   depicted was under the age of 18.

15          Two, the Defendant employed, used, persuaded, or

16   coerced the victim to take part in sexually explicit conduct

17   for the purpose of producing one or more visual depictions of

18   such conduct.

19          And, three, the visual depiction was produced using

20   material that had been mailed, shipped, or transported in

21   interstate or foreign commerce by any means.

22          Speaking now to Count 7, possession of material

23   depicting the sexual exploitation of a minor.  Defendant is

24   charged in Count 7 of the superseding indictment with

25   possession of material depicting the sexual exploitation of a

1    minor on or about April 9, 2012.

2              Count 7 of the superseding indictment charging the

3    Defendant with possession of material depicting the sexual

4    exploitation of a minor has three elements:

5              First, that the Defendant knowingly possessed one

6    or more items which contained a visual depiction of a minor

7    engaged in a sexually explicit conduct.

8              Second, that the item which contained the visual

9    depiction had been mailed, transported, or shipped in

10   interstate commerce or had been produced using material that

11   had been mailed or transported or shipped in interstate

12   commerce.

13             And, three, the production of the visual depictions

14   involved the use of a minor engaged in a sexually explicit

15   conduct as these terms are defined in Title 18 United States

16   Code Section 2256.

17             Although you have heard evidence regarding multiple

18   images of material depicting the sexual exploitation of a

19   minor, to find the Defendant guilty of producing or possessing

20   material depicting the sexual exploitation of a minor, you

21   must only find beyond a reasonable doubt that the Defendant

22   produced and/or possessed at least one single image depicting

23   the sexual exploitation of a minor on or about the date

24   charged.

25             Further, you must be unanimous -- you must

1    unanimously agree as to which such visual image or images he

2    produced and/or possessed.

3         We are now going to speak about some definitions.

4    First of all, as to "knowing."  The offense of producing and

5    possessing material depicting the sexual exploitation of a

6    minor charged in the superseding indictment requires that the

7    Government prove that Earl Warner acted knowingly with respect

8    to the first element of each of these offenses.

9         Often the state of mind or knowledge with which a

10   person acts at any time cannot be proved directly because one

11   cannot read another person's mind and tell what he or she is

12   thinking.  The Government, however, may prove Earl Warner's

13   state of mind indirectly from the surrounding circumstances

14   and the evidence presented.

15        Thus, to determine whether Earl Warner knew at a

16   particular time -- thus, to determine what Earl Warner knew at

17   a particular time, you must consider evidence about what Earl

18   Warner said, what Earl Warner did or failed to do, how Earl

19   Warner acted, and all the other facts and circumstances

20   surrounding the evidence that may prove what was in Earl

21   Warner's mind at the time.  It is entirely up to you to decide

22   what the evidence presented during this trial proves or fails

23   to prove about Earl Warner's state of mind.

24        You may also consider the natural and probable

25   result or consequences of any act Earl Warner knowingly did

1  and whether it is reasonable to conclude that Earl Warner

2  intended those results or consequences.  You may also -- you

3  may find, but you are not required to find, that Earl Warner

4  knew and intended the natural and probable consequences or

5  results of the acts he knowingly did.  This means that if you

6  find that an ordinary person in Earl Warner's situation would

7  have naturally realized certain consequences would result from

8  his action, then you may find, but you are not required to

9  find, that Earl Warner did know and did intend that those

10  consequences would result from his action.  This is entirely

11  up to you to decide as the finders of fact in this case.

12          The Government is not required to prove that Earl

13  Warner knew his acts were against the law.

14          Sexually explicit conduct includes the actual or

15  simulated masturbation or lascivious exhibition of the

16  genitals or pubic area of any person.

17          For a visual depiction of genitals or pubic area of

18  a minor to be considered sexually explicit, the exhibition

19  must be lascivious.  Not every exposure of the genitals or

20  pubic areas will necessarily be a lascivious exhibition.

21  Whether a picture or image of genitals or pubic area

22  constitutes a lascivious exhibition requires the consideration

23  of the overall context of the material.

24          In determining whether an exhibition of the

25  genitals or pubic area of a minor is lascivious, you must

1   consider the following:

2          (A), whether the focal point of the visual

3   depiction is on the minor's genitals or pubic area.

4          (B), whether the setting of the visual depiction is

5   sexually explicit -- sexually suggestive, that is, a place or

6   pose generally associated with sexual activity.

7          (C), whether the minor is depicted in an unnatural

8   pose or in inappropriate attire considering the age of the

9   minor.

10          (D), whether the minor is fully or partially

11   clothed or nude.

12          (E), whether the visual depiction suggests coyness

13   or a willingness to engage in sexual activity.

14          And, (F), whether the visual depiction is intended

15   or designed to elicit a sexual response in the viewer.

16          As to this last factor, it is not necessary that

17   the image be intended or designed to elicit a sexual response

18   in the average viewer.

19          A picture or image need not involve all these

20   factors to constitute lascivious exhibition of the genitals or

21   pubic area.  It is for you to decide what, if any, weight to

22   be given to any of these factors.  Ultimately you must

23   determine whether the visual depiction is lascivious based

24   upon the overall content.

25          Now I will give you the definition of "possession."

1  Count 7 of the superseding indictment charges the Defendant

2  with possession of material depicting the sexual exploitation

3  of a minor.  The word "possess" means to own or to exert

4  control over.  The word "possession" can take on several

5  different but related meanings.

6           The law recognizes two kinds of possession:  Actual

7  possession and constructive possession.  A person who

8  knowingly has direct physical control over a thing at a given

9  time is then in actual possession of it.  A person who,

10 although not in actual possession, knowingly has both the

11 power and intent at a given time to exercise dominion or

12 control over a thing either directly or through another person

13 or persons is then in constructive possession of it.

14          The law recognizes that possession may be sole or

15 joint.  If one person alone has actual or constructive

16 possession of a thing when possession is -- then possession is

17 sole.  If two or more persons actually -- if two or more

18 persons share actual or constructive possession of a thing,

19 then the possession is joint.

20          You may find that the element of possession, as

21 that term is used in these instructions, is present if you

22 find beyond a reasonable doubt that the Defendant has actual

23 or constructive possession either alone or jointly with

24 others.

25          As to the definition for "commerce."  Commerce

 1    means travel, trade traffic, commerce, transportation, or

 2    communication among or between the states, or the United

 3    States and a foreign country.

 4              The term "in interstate commerce" means that the

 5    visual depictions or materials used to produce, transport, or

 6    transmit the sexual depictions crossed state lines or national

 7    borders.

 8              The law does not require the Government to prove

 9    that the Defendant knew the interstate nature of an instrument

10    on which a depiction of a child pornography is produced or

11    stored.

12              Often the state of mind -- intent, knowledge,

13    willfulness, or recklessness -- with which a person acts at

14    any given time cannot be proved directly because, as I said

15    previously, one cannot read another person's mind and tell

16    what he or she is thinking.  However, a Defendant's state of

17    mind can be proved from the surrounding circumstances.

18              Thus, to determine the Defendant's state of mind or

19    what the Defendant intended or knew at any particular time,

20    you may consider all the evidence about what the Defendant

21    said, what the Defendant did or failed to do, how the

22    Defendant acted, and all the other facts and circumstances

23    shown by the evidence that may prove what was in the

24    Defendant's mind at the time.

25              It is entirely up to you to decide what the

1    evidence presented during the trial proves or fails to prove

2    about the Defendant's state of mind.

3             As I said previously, you may also consider the

4    nature and probable results or consequences of any acts the

5    Defendant knowingly did and whether it is reasonable to

6    conclude that Defendant intended those results or

7    consequences.

8             You may find but you are not required to find that

9    Defendant knew and intended the natural and probable

10   consequences or results of the acts that he knowingly did.

11   This means if you find that an ordinary person in the

12   Defendant's situation would have naturally realized that

13   certain consequences would result from his action, then you

14   may find, but you are not required to find, that the Defendant

15   did know and intend those consequences would result from his

16   actions.  This is entirely up to you to decide as the finders

17   of fact.

18            Before I get to the process of jury instructions,

19   which are the last few pages, did I misread anything in the

20   jury instructions that needs corrected?  On behalf of the

21   Government?

22            MS. BLOCH:  I don't believe so, Your Honor, thank

23   you.

24            THE COURT:  Did I misread anything in the jury

25   instructions?

1          MR. CHONTOS:  I don't believe so, Judge.

2          THE COURT:  I am going to speak about jury

3    deliberations and the process.

4          Your verdict must represent the considered judgment

5    of each juror.  In order to return a verdict, it's necessary

6    that each juror agree.  In other words, your verdict must be

7    unanimous.  It is your duty as jurors to consult with one

8    another and to deliberate with a view to reaching an agreement

9    if you can do so without violation of your individual

10   judgments.

11         Each of you must decide the case for yourself, but

12   only after an impartial consideration of all the evidence in

13   the case with your fellow jurors.

14         In the course of your deliberations do not hesitate

15   to reexamine your own views and change your opinion if you're

16   convinced it is erroneous, but do not surrender your honest

17   conviction as to the weight or effect of the evidence solely

18   because of the opinion of your fellow jurors or for the mere

19   purpose of returning a verdict.

20         Remember, at all times you are not partisans,

21   you're judges, judges of the facts.  Your sole interest is to

22   seek the truth from the evidence in the case.

23         Upon retiring to the jury room you should first

24   select one of your number to act as your foreperson who will

25   preside over your deliberation and will be your spokesperson

1   in court.

2           You can make the selection and conduct your

3   deliberation in whatever manner you think is best, but I offer

4   some suggestions that other jurors have found to be helpful to

5   allow full participation by all jurors and to arrive at a

6   verdict that satisfies everyone.

7           The foreperson should encourage open communication,

8   cooperation, and participation by all the jurors and be

9   willing and able to facilitate discussions when disagreements

10  or disputes arise.

11          The foreperson should let each of you speak and be

12  heard before expressing his or her views.

13          The foreperson should never attempt to promote or

14  permit anyone else to promote his or her personal opinions by

15  coercion or bullying.

16          The foreperson should make sure that the

17  deliberations are not rushed.

18          Some people are better at facilitating than others.

19  And if it becomes clear that someone else would be a more

20  effective foreperson, you may want to consider selecting a

21  different person with no hard feelings.

22          You may also think it wise to select a secretary to

23  record your votes, which probably should be cast by secret

24  ballot, and to keep track of whether everyone has spoken.

25          Some jurors think it's useful to take a preliminary

1    vote before discussions are started.  However, such an early

2    vote often proves counterproductive for several reasons,

3    including it tends to lock in a particular point of view

4    before alternative points of view are covered.  I really

5    encourage you, talk first before you take a vote.

6          You should listen carefully and attentively to each

7    other.  Hear what each other is saying before responding.

8    Don't interrupt.  Don't monopolize the discussion.  Speak one

9    at a time.  Be patient and respectful of others' opinions and

10   do not take it personally if somebody disagrees with you.

11         A verdict form has been prepared for you, and you

12   have reviewed a copy.  We will pick up those copies and you

13   will take one original verdict form to the jury room.  When

14   you have reached a unanimous agreement as to the verdict form

15   you will each sign it, have the foreperson date it, and you

16   will signal the bailiff that you're prepared to return to the

17   courtroom.

18         You will also be provided with the copies of these

19   instructions for your use.

20         If during the deliberations you desire to

21   communicate with the Court, please reduce your question, your

22   message or question to writing, signed by the foreperson, and

23   pass the note to the bailiff who will bring it to my

24   attention.

25         After consulting with your attorney -- with the

1   attorneys, I will respond as promptly as possible either in

2   writing or by having you return to the courtroom so I can

3   address you orally.  I will caution you, again, however, with

4   regard to any message or question you may send, that you

5   should not state or specify your numerical division at that

6   time.

7           In addition, if you have a question, go back and

8   read the instruction.  By that I don't mean to say that we

9   have anticipated any question one could have, but generally

10  questions very early in a case get the response of, "go read

11  the instructions again."  So I just encourage you before you

12  send a question you make sure there's not -- the answer is not

13  in those jury instructions.  Again, I am not encouraging or

14  discouraging questions, it's just that we have tried -- take

15  the time to go through the instructions again before you have

16  a question.

17          In addition, it is proper for me to add again that

18  nothing in these instructions and nothing in the verdict form

19  prepared for your convenience is meant to hint in any way what

20  your verdict should be.  What the verdict is is your sole and

21  exclusive duty and responsibility.

22          You will note from the oath about to be given to

23  the bailiff that she as well as other persons are forbidden to

24  communicate in any way or manner with any member of the jury

25  on any subject touching on the merits of the case.

1            Any objection on behalf of the Government that was

2    not previously put on the record, if any?

3            MS. BLOCH:  None, Your Honor, thank you.

4            THE COURT:  Any objection to these instructions on

5    behalf of the Defendant, if any, that were not previously

6    mentioned in court filings or in open court?

7            MR. CHONTOS:  Judge, I would just incorporate all

8    the ones that I have made previously.

9            THE COURT:  All right.  Alternates, you are not

10   permitted to participate in deliberations at this time because

11   it is a criminal case and we can only have 12 jurors.  But

12   your responsibility continues.  It certainly has happened to

13   me that for whatever reason one of the 12 jurors cannot

14   continue to serve and an alternate is brought into the

15   deliberation.  So it is very important that you continue, the

16   two alternates, not to talk about the case among yourselves.

17           The deputy clerk or someone will tell you where to

18   be if we need you.  We will bring you up if and when there is

19   a verdict.  And I always meet with jurors afterwards, and you

20   will be part of that if you wish.

21           So I appreciate the time that you served.  We

22   obviously need alternates in a case, but, again, please don't

23   talk even among the two of you about the case and we will

24   bring you back up if and when there is a verdict and you can

25   be part of our final meeting if you so choose.

1              Would you please swear the bailiff.

2         (Bailiffs duly sworn.)

3              THE COURT:  Anything else before the jury begins

4    its deliberations?  On behalf of the Government?

5              MS. BLOCH:  Nothing, Your Honor, thank you.

6              THE COURT:  Defendant?

7              MR. CHONTOS:  No, Judge.

8              THE COURT:  You may take the jury back to begin its

9    deliberations.

10         (Jury exits courtroom to begin deliberations.)

11         (In open court; jury not present.)

12             THE COURT:  I would appreciate it if counsel gives

13   the deputy clerk your cell phone numbers, and I would ask

14   counsel to stay in the building so we don't have to have

15   people coming distances back here if there is a question

16   and/or a verdict.  So please stay in the building.  As cold as

17   it is outside, it's probably wise to do so anyway.

18             Anything else on behalf of the Government?

19             MS. BLOCH:  No, Your Honor.

20             THE COURT:  Defendant?

21             MR. CHONTOS:  No, Judge.

22             THE COURT:  Okay.  Counsel, would you work with the

23   deputy clerk to make sure the correct exhibits go back to the

24   jury room.

25             MS. BLOCH:  Certainly.

 1             (Recess taken.)

 2             (After recess; jury present in open court.)

 3             THE COURT:  Thank you, ladies and gentlemen of the

 4    jury, for being patient while we gathered everyone to be here.

 5             We have informed -- we have been informed by the

 6    jury that they had reached a verdict.  We have gathered all

 7    interested parties to convene in open court to receive the

 8    verdict.

 9             I would ask counsel for the Government to enter

10    your appearance, please.

11             MS. BLOCH:  On behalf of the United States, Carolyn

12    Bloch.

13             THE COURT:  On behalf of the Defendant?

14             MR. CHONTOS:  Your Honor, David Chontos on behalf

15    of Earl Warner.

16             THE COURT:  Welcome.  The Defendant is present,

17    correct?

18             MR. CHONTOS:  He is seated to my left.

19             THE COURT:  Thank you.

20             The jurors have entered the courtroom and have

21    assumed their seats in the jury box.

22             Who is the foreperson, please?  Is the verdict form

23    completely filled out including all the boxes checked and

24    everyone having signed the document?

25             THE FOREPERSON:  Yes, Your Honor.

1          THE COURT:  And dated?

2          THE FOREPERSON:  Yes, Your Honor.

3          THE COURT:  You have the verdict in your hand, is

4  that correct?

5          THE FOREPERSON:  Yes, sir.

6          THE COURT:  Do you want to hand it to the bailiff

7  who will hold it a moment.  Was the jury unanimous?

8          THE FOREPERSON:  Yes, sir.

9          THE COURT:  Ladies and gentlemen of the jury, I

10  want to inform you that jurors who sit in particularly

11  disturbing cases, such as involving child pornography, death

12  penalty, gang violence have counseling available in cases

13  where the evidence or testimony is difficult to deal with.

14  That counseling is available through the Employee Assistance

15  Program, which is offered to all court employees and jurors.

16          I have decided that this service will be available

17  to you, I will sign the appropriate order, you will have a

18  year to take advantage of that service if you wish.  We will

19  give you all a letter with all the information you need, and

20  the service provides for up to six free counseling sessions.

21  It would all be private, and you will be given a number in

22  which to request such service.  As I mentioned, it is totally

23  private whether you request it or not and your participation

24  therein.

25          I would ask the foreperson -- the bailiff to bring

1  me the verdict so I may inspect it for regularity.

2          I find the verdict form to be properly completed,

3  including signatures of each juror.

4          The verdict will now be read publicly, that's

5  called being published, so it will be read aloud in open

6  court.  Pay close attention to the verdict as it is published

7  and read, and afterwards you will be polled to make sure each

8  of you individually state whether or not the verdict as

9  published constitutes your verdict in every respect.

10         The deputy will publish the verdict at this time.

11         THE LAW CLERK:  In the case of United States of

12  America versus Earl D. Warner, the verdict form reads as

13  follows:

14         We the jury in the above-captioned case have

15  unanimously made the following findings:

16         No. 1, as to Count 1, production of child

17  pornography involving child victim MC, the jury finds

18  Defendant, Earl D. Warner, guilty.

19         No. 2, as to Count 2, production of child

20  pornography involving child victim FW, the jury finds

21  Defendant, Earl D. Warner, guilty.

22         Count 3, as to Count 3, production of child

23  pornography involving child victim FW, the jury finds

24  Defendant, Earl D. Warner, guilty.

25         No. 4, as to Count 4, production of child

1   pornography involving child victim HE, the jury finds

2   Defendant, Earl D. Warner, guilty.

3           Five, as to Count 5, production of child

4   pornography involving child victim FW, the jury finds

5   Defendant, Earl D. Warner, guilty.

6           Six, as to Count 6, production of child pornography

7   involving child victim FW, the jury finds Defendant, Earl D.

8   Warner, guilty.

9           Seven, as to Count 7, possession of child

10  pornography, the jury finds Defendant, Earl D. Warner, guilty.

11          The verdict form is dated 24 January, 2014, and it

12  appears to have 12 signatures.

13          THE COURT:  I would ask the deputy clerk to poll

14  the jury, please.

15          THE DEPUTY CLERK:  As I call your number, please

16  stand and raise your right hand.  After you have answered,

17  please be seated.

18          Juror No. 1, the verdict as was just read into the

19  record of the court, is this your verdict?

20          JUROR NO. 1:  Yes, ma'am.

21          THE DEPUTY CLERK:  Juror No. 81, the verdict as was

22  just read into the record of this court, is this your verdict?

23          JUROR NO. 81:  Yes, ma'am.

24          THE DEPUTY CLERK:  Juror No. 38, the verdict as was

25  just read into the record of this court, is this your verdict?

1              JUROR NO. 38:  Yes, ma'am.

2              THE DEPUTY CLERK:  Juror No. 50, the verdict as was

3  just read into the record of the court, is this your verdict?

4              JUROR NO. 50:  Yes, ma'am.

5              THE DEPUTY CLERK:  Juror No. 2, the verdict as was

6  just read into the record of the court, is this your verdict?

7              JUROR NO. 2:  Yes, ma'am.

8              THE DEPUTY CLERK:  Juror No. 29, the verdict as was

9  just read into the record of the court, is this your verdict?

10             JUROR NO. 29:  Yes, ma'am.

11             THE DEPUTY CLERK:  Juror No. 78, the verdict as was

12  just read into the record of the court, is this your verdict?

13             JUROR NO. 78:  Yes, ma'am.

14             THE DEPUTY CLERK:  Juror No. 69, the verdict as was

15  just read into the record of the court, is this your verdict?

16             JUROR NO. 69:  Yes.

17             THE DEPUTY CLERK:  Juror No. 3, the verdict as was

18  just read into the record of the court, is this your verdict?

19             JUROR NO. 3:  It is.

20             THE DEPUTY CLERK:  Juror No. 51, the verdict as was

21  just read into the record of the court, is this your verdict?

22             JUROR NO. 51:  Yes.

23             THE DEPUTY CLERK:  Juror No. 33, the verdict as was

24  just read into the record of the court, is this your verdict?

25             JUROR NO. 33:  Yes.

1          THE DEPUTY CLERK:  Juror No. 15, the verdict as was

2     just read into the record of the court, is this your verdict?

3          JUROR NO. 15:  Yes.

4          THE DEPUTY CLERK:  That concludes the polling of

5     the jury, Your Honor.

6          THE COURT:  The polling of the jury verifies the

7     unanimous verdict.  I direct the deputy clerk to file and

8     record the verdict.

9          Ladies and gentlemen of the jury, before I

10    discharge you, I want to tell you that I have entered an order

11    which will permit you, if you wish, to obtain the counseling

12    sessions that I mentioned.  As I said, that was entered before

13    your discharge.

14         On behalf of the court, I want to thank you very

15    much for working through this case and for your diligence.

16    You paid attention throughout, you have taken notes, and so I

17    thank you for your effort in that regard.

18         I want to thank the alternates.  Even though they

19    didn't participate, they are an important part of this

20    process.

21         If you wish, I will come back and visit with you in

22    the jury room for awhile.  Those of you who want to leave

23    certainly may leave, but I will come back and spend some time

24    with you.

25         We have a letter for each of you setting forth

 1   information relating to the counseling services that I

 2   mentioned.

 3               Anything from Government counsel before I discharge

 4   the jury?

 5               MS. BLOCH:  Nothing from the Government.

 6               THE COURT:  On behalf of the Defendant?

 7               MR. CHONTOS:  No, Judge.

 8               THE COURT:  With that, ladies and gentlemen of the

 9   jury, you are now discharged.  You can go back to the jury

10   room and I will be back to see you in a moment.

11               (Jury exits courtroom.)

12               (In open court; jury not present.)

13               THE COURT:  I have set the sentencing for

14   June 6th, 2014.  Any objection to that date on behalf of the

15   Government?

16               MS. BLOCH:  No objection, Your Honor.

17               THE COURT:  I will give defense counsel a moment to

18   check his electronic calendar.

19               MR. CHONTOS:  Thanks, Judge.

20               THE COURT:  June 6th at 9:30.

21               MR. CHONTOS:  We are good to go.

22               THE COURT:  Okay.  I would appreciate it if

23   everyone would remain seated and the marshals may remove the

24   Defendant.

25               (Record closed.)

1                    C E R T I F I C A T E

2              I, Richard T. Ford, certify that the foregoing

3    is a correct transcript from the record of proceedings in the

4    above-titled matter.

5    S/Richard T. Ford   _____